# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

—— FILED    —— ENTERED
—— LOGGED   —— RECEIVED

FEB  1 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY                              DEPUTY

KEVIN RICHARDSON                    *

631 RAILROAD AVENUE, #321

CENTREVILLE, MARYLAND 21617         *
**Plaintiff**

vs.                                 *     **Civil No.:**_____

JFM 17 CV 0307

SHAPIRO & BROWN LLP.

10021 BALLS FORD RD., SUITE 200     *

MANASSAS, VA. 20109

NATIONSTAR MORTGAGE LLC             *     JURY TRIAL DEMANDED

8950 CYPRESS WATERS BLVD.

COPPELL, TX. 75019                  *

RUSHMORE LOAN MANAGEMENT

SERVICES LLC.                       *

15480 LAGUNA CANYON RD., SUITE 100

IRVINE, CA. 92618                   *

U.S. BANK N.A.

425 WALNUT STREET                   *

CINCINNATI, OHIO 45202
**Defendant(s)**                    *

## COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff Kevin Richardson, complaining of the defendant(s) and each of them as follows;

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages against Shapiro & Brown LLP. (hereafter Shapiro), Nationstar Mortgage LLC. ( hereafter Nationstar), Rushmore Loan Management Sercives LLC. ( hereafter Rushmore), and U.S. Bank N.A., (hereafter US Bank) for violations of the Fair Debt Collection Practices Act (hereafter FDCPA) 15 U.S.C. §1692 et. Seq.,  and for damages for violations of the Maryland Consumer Debt Collection Act, MD. Code Ann. Comm. Law § 14-201 et. Seq., and the Maryland Consumer Protection Act, MD. Code Ann. Comm. Law § 13-101 et. Seq., against Rushmore.

2. Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has he been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally. See *Haines v. Kerner*, 404 U.S. 519-20, (1972). "A pro se litigant should be given a reasonable opportunity to remedy defects in his [or her] pleadings if the factual allegations are close to stating a claim for relief." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir.1991). Accordingly such pleadings should be held to a less

stringent standard than those drafted by licensed, practicing attorneys.

## JURISDICTION AND VENUE

3.  The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C.

§ 2201 et seq.

4. The court has supplemental jurisdiction over state law claims by 28 U.S.C. §

1367.

**5.**  Venue is proper in this District pursuant to 28 U.S.C. §1391b.

## Parties

**6**.  Plaintiff, Kevin Richardson, is a natural person and is currently living in Queen

Anne's County in the State of Maryland.

**7**.  Defendant, Shapiro & Brown LLP. is a company doing business in Virginia and

Maryland. The company appears to specialize in foreclosures. Defendant Shapiro &

Brown LLP. Is a "debt collector" as that term is defined by 15 USC§1692a(6) because it

uses mail in a business the principal purpose of which is the collection of debts, and

regularly collects, directly or indirectly, debts owed to another.

8. Defendant, Nationstar Mortgage LLC. is registered as a Delaware Limited

Liability Company, doing business in Maryland, with its main office in Coppell Texas.

Defendant Nationstar Mortgage LLC is a "debt collector" as that term is defined by 15

USC§1692a(6) because it uses mail in a business the principal purpose of which is the

3

collection of debts, and regularly collects, directly or indirectly, debts owed to another.

9.  Defendant Rushmore Loan Management Services LLC, is registered as a Delaware Limited Liability Company In Delaware, doing business in Maryland with its main office in Irvine, California. They are a residential mortgage servicer. Defendant Rushmore Loan Management Services LLC is a "debt collector" as that term is defined by 15 USC§1692a(6) because it uses mail in a business the principal purpose of which is the collection of debts, and regularly collects, directly or indirectly, debts owed to another.

10. Defendant U.S. Bank N.A. is a bank formed in 1991, doing business in Maryland, sometimes engaged in the business of collecting defaulted debts due or alleged to be due to others. Its headquarters is at 425 Walnut Street, Cincinnati, OH 45202-3923. Defendant U.S. Bank N.A is a "debt collector" as that term is defined by 15 USC§1692a(6), as it is collecting payments for another, a Trust, on an alleged debt that was acquired while it was allegedly in default.

**Factual Allegations**

11. Plaintiff (hereafter Consumer) brings this action regarding Defendants and each of their continued attempts to collect an alleged debt Defendants claim is owed to them. However, the Consumer is without knowledge of the alleged debt Defendants claim is owed to them, under the account numbers they have stated in their letters to Plaintiff.

12. In November 2015, the Consumer received a letter (EX. 1) from a Shapiro &

4

Brown LLP. (hereafter Shapiro), attempting to collect a debt for its client Nationstar

Mortgage LLC. (herafter Nationstar). The letter made numerous claims by Shapiro and

Nationstar to Plaintiff regarding an alleged loan. Consequently, the Consumer is without

specific knowledge and evidence that supports Defendants claims and allegations

13. In the letter, Shapiro stated it was a debt collector.

14. In this letter, Nationstar claimed it was the "Creditor" of this alleged debt, which

it had never done before. For 4 plus years, it had always claimed in writing that Freddie

Mac was the owner of the debt, and it was just the "servicer". The FDCPA does not

include the definition of "owners", only "Creditors".

15. Ever since Nationstar came into the picture as "servicer", it has always stated in

its mailings to the Consumer that it was a debt collector. It acquired the servicing rights

after the alleged debt was allegedly in default, according to its documents, since early

2011.

16. On or about December 16, 2015, in response to (EX. 1), the Consumer sent a

Notice of Dispute and Request for Verification/Validation (EX.2) of the debt, pursuant to

15 USC §1692g. The Notice required the recipients, Nationstar and Shapiro, to

verify/validate their alleged debt pursuant to 15 USC §1692g. It was sent by certified

mail, return receipt, and was confirmed to have been received by both parties.

17. The Consumer provides here, the definition of verification according to Blacks

Law Dictionary, sixth edition; <u>Confirmation of correctness, truth, or authenticity by</u>

<u>affidavit, oath, or deposition. In accounting, it is the process of substantiating entries in</u>

5

books of record. The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. Many courts have also determined that verification/validation means a copy of the consumer credit contract is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account.

18. The Consumer states for the record that he does not have any contract or owe any debt to any of the Defendants.

19. In early February 2016, the Consumer received a response from Nationstar to (EX. 2), that contained documents that were unresponsive to the Consumers verification request, but did contain what appears to be numerous violations of the FDCPA. Nationstar, by their lack of verification/validation, admitted to not having the needed supporting evidence to pursue this alleged debt, as outlined in the Dispute letter that was sent(EX.2)

20. Nationstar contradicts its claim in (EX. 1), as Creditor of the alleged debt, by stating in its response, that Freddie Mac was still the owner at that time. This appears to violate 15 USC §1692e, e4, e5, e10, and f6.

21. In its response, Nationstar provided a copy of an Assignment of Deed of Trust. There are claims that are made in this document that do not fall in line with the claims previously made by the parties involved in the Assignment, thus it appears Nationstar violated 15 USC §1692e, e4, e5, e10, f, and f6, by being deceptive and unfair. There is also no evidence, that the Consumer is in possession of, that Nationstar paid any value, if

6

any, to the assignor, in this case, Bank of America N.A., as is claimed in the document, thus appearing to violate 15 USC §1692e12. This assignment implies that a financial transaction occurred between the parties in the assignment, and Nationstar has not shown any evidence of this transaction or any financial injury, and can not claim to be owed a debt without showing an injury.

22. In its response, Nationstar attempts to provide an accounting of an escrow balance that does not go back to the origination of the alleged debt. This is incomplete and deceptive and appears to violate  15 USC §1692e, e2.

23. In Nationstars response, it provides a copy of a payoff statement, within is included corporate charges and legal fees, which don't appear to be allowed in the language of the copy of the Deed of Trust (hereafter Deed), the Defendant provides, thus it appears this violates 15 USC §1692e, e2, f, and f1. The Consumer notes that he maintains throughout this Complaint, that neither Nationstar nor any other Defendant are Creditors, and thus, as debt collectors, have to show they have any right, legally and lawfully, to even claim to use these documents as evidence of a debt. At this point these documents are hearsay.

24. In Nationstars response, it provides copies of documents that imply the Consumer made a loan modification request with the Defendant, when this never occurred. It also claims the Consumer was approved for the same loan modification. The Consumer never applied for any loan modification with Nationstar. This appears to violate 15 USC §1692e, e10.  In fact, over the span of four years, the Consumer has

requested proof, at least eight different times, that Nationstar had any authority to even

offer the Consumer a loan modification on behalf of the alleged owner of the loan at the

time, which it never provided.

25. In its response, Nationstar provides a copy of a loan modification it had

previously mailed to the Consumer. As noted in the previous paragraph, it has never

provided it had

authority to offer a loan modification from the owner at the time, Freddie Mac. This offer

to enter into a loan modification, without showing any authority to do so, again appears

to violate 15 USC §1692e, e10.

26. In its response, Nationstar is attempting to collect on an alleged debt under a

loan number that the Plaintiff does not recognize, is not contained in the copy of the

agreement Nationstar provides. It is also trying to collect a different amount that is not

authorized in the language of the agreement it relies on in its claims for the alleged debt.

This appears to violate 15 USC §1692f, f1.

27. In March 2016, the Consumer learned of the filing of a case in the local county

court against the Consumer. This was filed by Shapiro as the Plaintiff. This was a

continued attempt to collect on this alleged debt without providing the Consumer with

any verification, as required by 15 USC §1692g. This action appears to violate 15 USC

§1692g(b) and f(6)(a). This filing was placed into the public domain record where anyone

who wanted to find this information could.

28. In June 2016, the Consumer received a letter (EX. 3) from Rushmore Loan

Management Services LLC. (hereafter Rushmore). This was the first communication the

Consumer received from Rushmore. Rushmore stated it was a debt collector in this letter,

attempting to collect a debt, for an alleged Creditor, U.S. Bank N.A. (hereafter US Bank).

    29. Section 15 USC §1692g(a) states;

"Within five days after the initial communication with a consumer in connection with the

collection of any debt, a debt collector shall, unless the following information is

contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be

valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-

day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the

debt collector will provide the consumer with the name and address of the original

creditor, if different from the current creditor."

    30. This letter, (EX. 3), did not contain the requirements mandated in 15 USC

§1692g(a), and the Plaintiff did not receive any other communication from Rushmore within the 5 day period also mandated in 15 USC §1692g(a). Thus, it appears Rushmore violated 15 USC §1692g(a) with this conduct.

31. Around this time, the Consumer checked on the Commissioners of Financial Regulations, in Maryland, website, and conducted a search to find out if Rushmore was licensed as a debt collector, or collection agency, The consumer could not locate any such license registration.

32. The Consumer was able to locate information listing all of the different licenses that Rushmore does have across the U. S. It is believed to be up to date information. It shows where Rushmore is licensed as a debt collector or collection agency in 22 different states, and in 18 different states, has multiple licenses, one of which is either as a debt collector or collection agency.

33. As Rushmore is involved in a debt collection action at the County level against the Consumer, Rushmore is a debt collector, as it admits itself in letters received, and also a non-performing debt buyer. In 2016, it was widely reported in the financial industry, that Rushmore bought at least 3,729 non-performing, delinquent, loan accounts from Freddie Mac, making Rushmore a debt buyer of delinquent (debt accounts in default) accounts. Some of these debt accounts that were acquired by Rushmore from Freddie Mac were previously serviced by Nationstar, making the Consumer believe that it is very possible that Rushmore acquired this alleged debt directly from Freddie Mac, and that Nationstar was not involved in any transfer or assignment of this alleged debt.

34. The Consumer alleges that Rushmore should be required to be licensed in Maryland, as it is in 22 other states, as a debt collector or collection agency.

35. In being involved in the lawsuit at the County level, against the Consumer, without first obtaining the required license, Rushmore appears to have taken an action it could not legally take, thus appearing to violate 15 USC §1692e(5) and f(6)(a).

36. The Maryland Collection Agency Licensing Act, (hereafter MCALA), requires that a "person must have a license whenever the person does business as a collection agency in the state," §7-301(a).

37. The MCALA is clear on its face in that it requires that any person who directly or indirectly engages on collecting debts must be licensed §7-101(c) and §7-301(a).

38. The Maryland Consumer Debt Collection Act, (hereafter MCDCA), prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt, §14-201 and §14-204.

39. Specifically, the MCDCA states that " a person collecting or attempting to collect an alleged debt arising out of a consumer transaction," §14-201(b), may not "claim, attempt, or threaten to enforce a right with the knowledge that the right does not exist," §14-202(8).

40. The Consumer alleges that Rushmores' unlicensed involvement in the debt collection action at the County level, violated the MCDCA's prohibition on attempting to enforce a right with the knowledge the right did not exist.

41. The Maryland Consumer Protection Act, (hereafter MCPA), prohibits "unfair or

deceptive trade practices," §13-301, and expressly designates as "unfair or deceptive

trade practices," those that constitute any violation of the MCDCA, §13-301(14)(iii).

Thus, it appears that Rushmore has violated the MCPA by violating the MCDCA.

42. Later in June 2016, the Consumer received another letter from Rushmore, again

stating that it was a debt collector attempting to collect a debt for US Bank.

43. In response to these letters, in July 2016, the Consumer mailed a Notice of

Dispute and demand for verification/validation (EX. 4) to Rushmore and a company

named Roosevelt Management Company LLC (EX. 5 )(hereafter Roosevelt), who was

named as agent for US Bank in (EX. 3). The Consumer was instructed in (EX.3) to mail

any communications to Roosevelt, as US Bank's agent, and not to US Bank. Both were

mailed by certified mail return receipt. They were confirmed to have been received. The

Consumer never received any response from Roosevelt as agent for US Bank, or from US

Bank.

44. In this Notice of Dispute, the Consumer specifically disputed the existence of

any reporting of this alleged debt on the Plaintiffs consumer credit report.

45. In August and September 2016, the consumer received two separate responses

from Rushmore, supposedly in an attempt to verify its claim. The responses contained

"copies" of publicly listed documents filed in the local county recorders office. The

provided documents failed to prove the existence of the alleged debt claimed to be owed

to Rushmore, or to the entity Rushmore claims to be servicer for. Rushmore's authority to

collect on this alleged debt also was

not shown to exist, thus appearing to violate 15 USC §1692 e, e5, f, f(6)(a) and g(b). Rushmore continues to attempt, to this day, collection by sending monthly statements claiming the Consumer owes it payment on a debt.

46. In this response by Rushmore, it claims to have provided a Note allonge document as part of its verification. The Consumer was unable to locate this document within what was sent. This failure to include the copy of the Note allonge, which Rushmore claims exists, appears to the Consumer to be deceptive, misleading and possibly a false claim, which appears to violate 15 USC §1692 e, and f.

47. In this response by Rushmore, it provides what was called a customer account activity statement that went back to the previous service, Nationstar, but it didn't go back to the start, at the origination of the alleged debt, thus it is an incomplete accounting record. This appears to violate 15 USC §1692 e, e2.

48. In this response by Rushmore, it states "your loan is in a status of active foreclosure with Rushmore Loan Management as of June 9, 2016." This came as a complete surprise to the Consumer at the time, as the Consumer had never been officially notified of any foreclosure proceedings. This would not officially occur until early October, later in the year. This left the Consumer totally confused as to what was going on. This behavior is very deceptive and misleading and as far as the Consumer knows, Rushmore, as a debt collector, has no authority to do anything it is doing. Rushmore appears to have violated 15 USC §1692 e, f, and f(6)(a) in acting in this manner.

49. In early October 2016, the Consumer was served with a Notice of Foreclosure

action ( hereafter Notice). This was an exact copy of what was filed in the county court in March. The parties involved in the Notice were Shapiro, Nationstar, and Freddie Mac as the secured party. Shapiro stated it was a debt collector in this Notice.

50. In this Notice, Nationstar claims to be owner of the alleged Note in this matter. This still contradicts its claim in its response to the Consumer's Notice of Dispute in (EX. 2). This Notice was filed into court in March, a month after it clearly stated that Freddie Mac was the owner, in the noted response. Thus, it appears Nationstar violated 15 USC §1692 e, e5, e10, f, and f(6)(a).

51. This claim as owner of the Note, which the Consumer construes to mean the alleged loan, goes directly against public law 104-29, which is also 15 USC §1641(f)(2), Liability of Assignees, which states;

"(f) Treatment of servicer.

(2) Servicer not treated as owner on basis of assignment for administrative convenience. A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."According to this statute, there is

14

no way Nationstar could be owner of this debt, as it has claimed on numerous times at

this point, thus appearing to violate 15 USC §1692 e, and f.

52. In the Notice, Shapiro claims it has "been validly substituted as Trustee under

said Deed of Trust." Since Nationstar claims to have the authority to substitute Shapiro as

Trustee in this matter, when the language in the Deed it relies on does not give Nationstar

the authority, both Nationstar and Shapiro appear to have violated 15 USC §1692e, e5,

e10, f, and f(6)(a). This could also involve filing a false document into the county court.

53. In the Notice, Nationstar claims it is due a certain amount in the statement of

indebtedness. Since Nationstar, by definition is merely a debt collector in this matter, as

is Shapiro, and has not shown any evidence of financial injury suffered at the hands of

the Consumer, this claim is unsubstantiated and appears to violate 15 USC §1692e, e4,

e5, e10, f, and f6.

54. In the Notice, all references to an account number have been redacted from all

documents, leaving the Consumer totally confused about what alleged debt the

Plaintiff's, in the county action, are attempting to collect on. The Consumer has seen

three different  account numbers applied to this alleged debt over the years, and in the

Notice, there is no mention of Rushmore even being involved in this matter. Thus, it

appears to the Consumer that Nationstar, Shapiro, and Rushmore have violated 15 USC

§1692e, e10, and f,  by  being deceptive, misleading, and unfair in their collection

attempt.

15

55. In the Notice are numerous copies of documents where Nationstar seeks to obtain personal information about the Consumer. Nationstar is a debt collector and not shown any authority to lawfully collect on this alleged debt in the manner it is, therefore it appears to have violated  15 USC §1692e, e10 again.

56. By filing this Notice without any definitive proof of authority to do so, and as self admitted debt collector, Shapiro appears to have violated  15 USC §1692e, e4, e5, and f(6)(a). It relies on Nationstar's authority to do the things it is doing, as the Consumer has laid out, Nationstar has not proven it has any rights to attempt to collect this debt, and if Nationstar does not have any rights, then neither does Shapiro, or anyone else who follows Nationstar.

57. In the Notice, Shapiro claims that Nationstar is the owner of the Note it has provided the Consumer copies of. For the reasons already layed out, Nationstar, again, has not proven to be "owner" of the Note. There is no evidence that has been provided to the Consumer to show how they would have lawfully become owner, only empty claims. Thus, Shapiro appears to have violated  15 USC §1692e, e5, e10, f, and f(6)(a).

58. Also in the Notice, in the documents provided by Shapiro, it is stated that Nationstar is only the servicer and the secured party is Freddie Mac, which implies it is the owner of this alleged debt, when elsewhere in the Notice, it states Nationstar is the owner. All of this back and forth between who supposedly owns this alleged debt is highly misleading, deceptive, and unfair to the Consumer. As the listed Plaintiff in the Notice, Shapiro appears to have violated again 15 USC §1692e, e4, e5, e10, f, and f(6)(a).

59. In the Notice is a copy of the Note Plaintiffs rely on for their claims. This copy does not show any evidence of any hole punches at the top of the pages, while the copy of the Note that was provided to the Consumer in Nationstars response to (EX. 2) months earlier, does show evidence of hole punches having been made into the Note. This copy is supposed to be a true and correct copy of the Note in its current condition. According to long established banking practices, there is supposed to be only one original Note and Deed in existence. This has the Consumer confused and this difference in the copies of the Note seem deceptive, misleading and unfair, thus appearing to again violate 15 USC §1692e, e10, and f., by Nationstar, Shapiro, and Rushmore. It makes the Consumer wonder if the original Note even exists any longer, and who might have it.

60. After receiving the Notice in early October 2016, the Consumer mailed a more detailed Notice of Dispute and request for verification to Rushmore (EX. 6), regarding its claims, asking for more definitive proof to support its claim. This was mailed by certified mail, return receipt, and was confirmed to have been received. Again, the Consumer includes here the definition of verification; <u>Confirmation of correctness, truth, or authenticity by affidavit, oath, or deposition. In accounting, it is the process of substantiating entries in books of record. The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath.</u>

61. At the same time, the Consumer also mailed a similar Notice of Dispute and request for verification (EX. 7) to Roosevelt Management Company LLC, as the named

agent for US Bank. This was mailed by certified mail, return receipt, and was confirmed as have been received. Neither Roosevelt or US Bank ever provided a response to the Consumer, again.

62. At the same time, the Consumer also mailed a similar Notice of Dispute and request for verification (EX. 8) to Shapiro. This was mailed by certified mail, return receipt, and was confirmed as have been received. Shapiro never responded to this Notice of Dispute, and yet continues to attempt collection at the county level.

63. In the above letter to Shapiro, the Consumer specifically asked Shapiro to "explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law." As noted above, Shapiro never responded to this letter, and on or around December 30, 2016, the Consumer received a letter from Shapiro, which was a copy of a filing that Shapiro had filed into the County court case against the Consumer, furthering the collection attempt on this alleged debt, without any verification, and specifically not answering the question the Consumer had asked for an answer to. This appears to constitute another violation of 15 USC §1692g(b), by continuing collection efforts without verifying the alleged debt.

64. Every communication that the Consumer has received from Shapiro has been sent on formal letterhead stating "Law Offices of Shapiro & Brown LLP." With these words on its letters, Shapiro is representing, directly or indirectly, that the letters are from an attorney, with the firm, that was meaningfully involved in reviewing the related debt/account, and that this person had reached a professional opinion that sending these

18

collection letters was warranted. None of the communications contained any disclaimer to alert the Consumer that no attorney had reviewed the account prior to the letters being mailed to the Consumer.

65. With Shapiro's failure to answer the Consumers question, in (Ex. 8), and provide some kind of confirmation that some attorney there had completed the required due diligence to make sure this was a valid debt, the Consumer believes this constitutes a violation 15 USC §1692e(3) and e(10), by being deceptive and misleading in misrepresenting the level of attorney involvement in reviewing the underlying collection account.

66. In late November, the Consumer received a response from Rushmore to (EX. 6). It failed to verify its claim in any manner with this response, but it did appear to further violate the FDCPA.

67. In its response, Rushmore provides a copy of a payoff statement that is attempting to collect an amount not expressly authorized in the language of the agreement creating the alleged debt. This appears to violate 15 USC §1692f, and f1.

68. In its response, Rushmore again claims an allonge to the Note exists, but again does not include a copy of any such document. If this document does exist, how is the Consumer supposed to determine Rushmore's authority to even attempt collection in this matter if it doesn't provide documents it claims to have. This appears to violate 15 USC §1692e and e10.

69. In its response, Rushmore provides copies of the Note and Deed of Trust it

claims pertain to this alleged debt. The account numbers on these documents do not match the number which Rushmore is attempting to collect on. Rushmore is attempting to collect an amount that is not expressly authorized by the agreement creating the alleged debt. This appears to violate 15 USC §1692e, e10, f, f1, and f(6)(a). The language of the copy of the Deed provided is not binding on the borrower to pay on different loan/account numbers.

70. In its response, Rushmore provides a copy of an Assignment of Deed of Trust, allegedly assigning all rights in the Deed to US Bank as Trustee for a Trust the Consumer knows nothing about. There appears to be many issues with this assignment.

A. As previously addressed by the Consumer in paragraph 20, that assignment from Bank of America to Nationstar has no supporting documentation that this assignment was a lawful transfer of any rights. All documents and letters received by the Consumer from Bank of America and Nationstar, over the years, do not support the assignments claim. Therefore, if this assignment was not in fact valid, then the assignment from Nationstar to US Bank was meaningless and did not transfer any rights whatsoever. This appears to violate 15 USC §1692e, e10, e5, f, and f(6)(a), by Rushmore and US Bank.

B. In all the documents the Consumer has received from Rushmore as US Bank's agent and servicer, Rushmore has not shown any evidence of any financial injury suffered by US Bank, and neither has US Bank,  in this matter involving this alleged debt, and in this document, it is claimed that US Bank exchanged some kind of valuable consideration for this Deed and the rights that go along with the Deed, which implies a

financial transaction occurred, and possibly a purchase occurred here. There is not any

evidence of what this valuable consideration was, for this implied transaction, if anything

at all was exchanged. The Consumer doubts if anything was exchanged. Until Us Bank

shows a financial injury suffered in this matter, it has no right to make any claim against

the Consumer. This claim appears to violate15 USC §1692e12.

   C. There are other major issues with this alleged assignment. First, there is a

signature by a person claiming to be Vice President of Loan Documentation for

Nationstar, whose business is in Texas, yet the Notary used in this document is in Florida.

This brings up questions to the validity of the notarization. Also, in this assignment, it

states at the bottom of the document that it was prepared by a person who works for a

company called NTC. The Consumer has learned this is a company named National Title

Clearing, based in Florida, a company that provides documents to clients it has. The

Consumer has also learned that the person claiming to work for Nationstar as Vice

President, also claims to live in Florida and also work for NTC on her social media page.

This fact by itself raises a big question as to the validity of this assignment. Until the facts

have been brought forward concerning this assignment, on its own merit, the Consumer

has to think, just from what has been revealed so far, that this was not a valid and legal

assignment. By providing this document to the Consumer, it appears Rushmore and US

Bank have violated 15 USC §1692e, e10, and f, by using false, deceptive, and misleading

representations, and it also appears that Rushmore and US Bank have violated 15 USC

§1692e(5), and f(6), by threatening to take a legal action that can not legally be taken and by taking a non-judicial action to dispossess the Consumer of his property, when there is no present right to do so.

71. In its response, Rushmore provides a copy of an alleged transaction history of this alleged debt. This transaction history only goes back to 2011, not to the year of the origination of this alleged loan, which is 2009. This is incomplete. Thus, it appears Rushmore has violated 15 USC §1692e, e2, and e10, by using misleading and deceptive means and falsely representing the amount of an alleged debt.

72. In its response, Rushmore provides numerous copies of documents where Rushmore seeks to obtain personal information about the Consumer. Rushmore, is by FDCPA definition, a debt collector, and also admits to being such. It has not provided any proof it has any authority to attempt to collect this alleged debt. Without this proof being provided, it appears to have violated  15 USC §1692e, and e10.

73. In the Notice of Dispute (EX. 4) that the Consumer sent to Rushmore, the Consumer clearly disputed the existence of any reporting by Rushmore of any information on the Consumer's credit report. In early January 2017, the Consumer checked his credit report and observed a tradeline being reported by Rushmore in his report. It was not marked as being disputed by the Consumer. This appears to violate 15 USC §1692e, and e8, and has damaged the Consumer's credit rating.

74. Since the Consumer was first contacted by the Defendant Rushmore, claiming to

service this alleged debt for US Bank, the Consumer has sent three different Notices of
Dispute and Request for Verification letters to Roosevelt, as agent for US Bank's agent
and contact point.

75. The Consumer has not received one response from Roosevelt or US Bank, as of
the date of this Complaint, thus it appears that US Bank has violated 15 USC §1692g(b),
by continuing collection efforts without verifying/validating the alleged debt.

76. As far as the Consumer has knowledge of, Rushmore does not have any valid
contract with US Bank and could possibly be attempting to collect on this alleged debt in
its own name and for its own benefit.

77. In the letters the Consumer has received from Rushmore, The Consumer has
been led to believe that Rushmore is one of two agents for US Bank, in regards to this
alleged debt. Therefore, US Bank is the Principal in a Principal/Agent relationship, and
therefore appears to be responsible for its agents activities and violations of any laws, and
can be held liable for Rushmore's false and misleading representations, its unfair
practices, and its failure to properly verify/validate the alleged debt.

78. The above detailed conduct by each Defendant has everything to do with their
deceptive and illegal acts in their respective attempts to collect the alleged debt, as
opposed to any determined legitimacy of their alleged debt. The FDCPA relates to the
defendants even if they were collecting a legitimate debt. The Consumer asserts for the
record that neither Defendant is a Creditor, or mortagee, and neither Defendant provided

any credit to the Consumer. They are strangers pretending to be Lenders or Creditors.

Notwithstanding, each of the Defendant's are debt collectors as defined in 15 USC

§1692a(6).

79. The Consumer has been significantly harmed by all of the Defendants'deceptive

acts, and abusive, unfair debt collection activities. The Consumer's harms include, direct

or indirect infliction of emotional distress and mental anguish on the Consumer, damage

to the Consumers credit rating and credit worthiness, loss of appetite, frequent headaches,

irritability, loss of sleep, insomnia, embarrassment, humiliation, loss opportunities to save

the Consumers home by failing to verify the parties had any right to offer a loan

modification on behalf of any party of real interest with a real beneficial interest in this

alleged debt, and time lost in the Consumers life, having to deal with these strangers to

this matter, instead of spending that time enjoying life.

80. These are the facts that pertain to this action at this point in time upon all

information and belief.

## COUNT I
### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692
### BY DEFENDANT NATIONSTAR MORTGAGE LLC.

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

82. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

83. Defendant Nationstar is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

84. Defendant Nationstar is/was attempting to collect a debt for "household purposes" under 15 U.S.C. §1692a(5).

85. The Consumer sent Nationstar a Notice of Dispute pursuant to 15 U.S.C. §1692g, which requires the recipient of said Notice to provide the Consumer with verification of the Consumers liability to pay the claimant, once this letter is received. 15 U.S.C. §1692g(b) requires Nationstar to cease all collection activity until the debt collector obtains verification of the alleged debt. Nationstar has failed to provide any evidence it has any right to collect on this alleged debt, however, Nationstar continued to make attempts at collection of this alleged debt.

86. Specifically, Defendant Nationstar knew it was not entitled to collect on the alleged debt.

87. It is asserted that the Consumer does not have any financial relationship with the Defendant Nationstar and there is nothing on the record to reflect that. There is also nothing on the record, or in the Consumers possession, that show the Consumer received any funding, in the form of a loan, from the entity labeled as "Lender" on the agreement Defendant Nationstar relies on. Defendant Nationstar was fully aware that it was unable to provide a performance contract executed by the Consumer, whereby the Consumer is obligated to Defendant Nationstar.

88. The Consumer understands that he only needs to show one violation of the

25

FDCPA, as a strict liability statute, to to get a judgement for damages. The reason for alleging so many violations is to show the Court the frequency and persistence of noncompliance that the Consumer has had to suffer through and deal with. The violations alleged here against Nationstar don't include the violations that occurred in the previous three years, since Nationstar first appeared in this matter.

89. Defendant Nationstar has violated the FDCPA and caused damages to the Consumer by its failure to comply with the act. Defendant Nationstars violations include, but may not be limited to the following;

A. Defendant Nationstar violated 15 U.S.C. §1692d by harassing the Consumer for approximately four years, for payment, without proper verification, which has caused the Consumer to suffer mental, emotional, and psychological abuse.

B. Defendant Nationstar violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt as alleged in paragraphs 21, and 22.

C. Defendant Nationstar violated 15 U.S.C. §1692e(4) by representing or implying that nonpayment of the alleged debt would result in the sale of the Consumers property when such action would be unlawful, as alleged in paragraphs 19, 20, and 52.

D. Defendant Nationstar violated 15 U.S.C. §1692e(5) by threatening to take an action that could not legally be taken as alleged in paragraphs 19, 20, 49, 51, and 52.

E.  Defendant Nationstar violated 15 U.S.C. §1692e, and e(10) by using false representations or deceptive means to collect an alleged, as alleged in paragraphs 19, 20, 49, 51, 52, 53, and 58.

F.  Defendant Nationstar violated 15 U.S.C. §1692e, and e(10) by using false representations or deceptive means to obtain information about the Consumer, as alleged in paragraphs 23, 24, and 54.

G. Defendant Nationstar violated 15 U.S.C. §1692e(12) by using falsely representing or implying that an account had been turned over to an innocent purchaser for value, as alleged in paragraph 20.

H. Defendant Nationstar violated 15 U.S.C. §1692f by using unfair or unconscionable means in attempting to collect an alleged debt, as alleged in paragraphs 20, 22, 25, 49, 50, 51, 52, 53, and 58.

I. Defendant Nationstar violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law,  as alleged in paragraphs 22, and 25.

J. Defendant Nationstar violated 15 U.S.C. §1692f(6)(a) by taking a nonjudicial action to effect the dispossession of the Consumers property when there is no present right to possession,  as alleged in paragraphs 19, 20, 49, 51, and 52.

**WHEREFORE**, pursuant to 15 U.S.C. §1692k, the Plaintiff seeks judgment for damages against Defendant Nationstar Mortgage LLC. for statutory damages of $1000.00,  any attorney's fees the Consumer might suffer, costs for the Consumer to

bring this action, past actual damages, any actual damages suffered by the Consumer while in the course of this action, punitive damages, compensatory damages, and any other relief as the court deems proper, for which let execution issue.

## Count II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY SHAPIRO & BROWN LLP.

90. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91. The Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

92. Defendant Shapiro is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

93. Defendant Shapiro is/was attempting to collect a debt for "household purposes" under 15 U.S.C. §1692a(5).

94. The Consumer sent Shapiro a Notice of Dispute pursuant to 15 U.S.C. §1692g, which requires the recipient of said Notice to provide the Consumer with verification of the Consumers liability to pay the claimant, once this letter is received.
15 U.S.C. §1692g(b) requires Shapiro to cease all collection activity until the debt collector obtains verification of the alleged debt. Shapiro has failed to provide any evidence it has any right to collect on this alleged debt, however, Shapiro continued to

28

make attempts at collection of this alleged debt.

95. Specifically, Defendant Shapiro knew it was not entitled to collect on the alleged debt.

96. It is asserted that the Consumer does not have any financial relationship with the Defendant Shapiro and there is nothing on the record to reflect that. There is also nothing on the record, or in the Consumers possession, that show the Consumer received any funding, in the form of a loan, from the entity labeled as "Lender" on the agreement Defendant Shapiro relies on. Defendant Shapiro was fully aware that it was unable to provide a performance contract executed by the Consumer, whereby the Consumer is obligated to Defendant Shapiro or its client.

97. The Consumer understands that he only needs to show one violation of the FDCPA, as a strict liability statute, to to get a judgement for damages. The reason for alleging so many violations is to show the Court the frequency and persistence of noncompliance that the Consumer has had to suffer through and deal with.

98. Defendant Shapiro has violated the FDCPA and caused damages to the Consumer by its failure to comply with the act. Defendant Shapiro's violations include, but may not be limited to the following;

A. Defendant Shapiro violated 15 U.S.C. §1692d by harassing the Consumer for payment, without proper verification, which has caused the Consumer to suffer mental, emotional, and psychological abuse.

29

B. Defendant Shapiro violated 15 U.S.C. §1692e(3) by being deceptive and misleading in misrepresenting the level of attorney involvement in reviewing the underlying collection account, as alleged in paragraph 65.

C. Defendant Shapiro violated 15 U.S.C. §1692e(4) by representing or implying that nonpayment of the alleged debt would result in the sale of the Consumers property when such action would be unlawful as alleged in paragraphs 55 and 57.

D. Defendant Shapiro violated 15 U.S.C. §1692e(5) by threatening to take an action that could not legally be taken as alleged in paragraphs 51, 55, 56, and 57.

E. Defendant Shapiro violated 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect an alleged debt or to obtain information about the Consumer as alleged in paragraphs 51, 53, 56, 57, and 58 and 65.

F. Defendant Shapiro violated 15 U.S.C. §1692f by using unfair or unconscionable means in attempting to collect an alleged debt as alleged in paragraphs 51, 53, 56, 57, and 58.

G. Defendant Shapiro violated 15 U.S.C. §1692f(6)(a) by taking a nonjudicial action to effect the dispossession of the Consumers property when there is no present right to possession as alleged in paragraphs 26, 51, 55, 56, and 57.

H. Defendant Shapiro violated 15 U.S.C. §1692g(b) by continuing collection efforts without verifying/validating the alleged debt as alleged in paragraphs 26 and 63.

**WHEREFORE**, pursuant to 15 U.S.C. §1692k, the Plaintiff seeks judgment for damages against Defendant Shapiro & Brown LLP. for statutory damages of $1000.00, any attorney's fees the Consumer might suffer, costs for the Consumer to bring this action, past actual damages, any actual damages suffered by the Consumer while in the course of this action, punitive damages, compensatory damages, and any other relief as the court deems proper, for which let execution issue.

## COUNT III

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY RUSHMORE LOAN MANAGEMENT SERVICES LLC.

99. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

101. Defendant Rushmore is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

102. Defendant Rushmore is/was attempting to collect a debt for "household purposes" under 15 U.S.C. §1692a(5).

103. The Consumer sent Rushmore a Notice of Dispute pursuant to 15 U.S.C. §1692g, which requires the recipient of said Notice to provide the Consumer with verification of the Consumers liability to pay the claimant, once this letter is received.

15 U.S.C. §1692g(b) requires Rushmore to cease all collection activity until the debt collector obtains verification of the alleged debt. Rushmore has failed to provide any evidence it has any right to collect on this alleged debt, however, Rushmore continues to make attempts at collection of this alleged debt.

104. Specifically, Defendant Rushmore knew it was not entitled to collect on the alleged debt.

105. It is asserted that the Consumer does not have any financial relationship with the Defendant Rushmore and there is nothing on the record to reflect that. There is also nothing on the record, or in the Consumers possession, that show the Consumer received any funding, in the form of a loan, from the entity labeled as "Lender" on the agreement Defendant Rushmore relies on. Defendant Rushmore was fully aware that it was unable to provide a performance contract executed by the Consumer, whereby the Consumer is obligated to Defendant Rushmore.

106. The Consumer understands that he only needs to show one violation of the FDCPA, as a strict liability statute, to to get a judgement for damages. The reason for alleging so many violations is to show the Court the frequency and persistence of noncompliance that the Consumer has had to suffer through and deal with.

107. Defendant Rushmore has violated the FDCPA and caused damages to the Consumer by its failure to comply with the act. Defendant Rushmore's violations include, but may not be limited to the following;

A. Defendant Rushmore violated 15 U.S.C. §1692d by harassing the Consumer for payment, without proper verification, which has caused the Consumer to suffer mental, emotional, and psychological abuse.

B. Defendant Rushmore violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt as alleged in paragraphs 46, and 67.

C. Defendant Rushmore violated 15 U.S.C. §1692e(5) by threatening to take an action that could not legally be taken as alleged in paragraphs 34, 44, and 66.

E. Defendant Rushmore violated 15 U.S.C. §1692e(8) by failing to report a disputed debt as being disputed in the Consumers credit report as alleged in paragraph 69.

F. Defendant Rushmore violated 15 U.S.C. §1692e and/or e(10) by using false representations or deceptive means to collect an alleged debt as alleged in paragraphs 44, 45, 46, 47, 58, 64, 65, 66, 67, and 69.

G. Defendant Rushmore violated 15 U.S.C. §1692e(10) by using false representations or deceptive to obtain information about the Consumer as alleged in paragraph 68.

H. Defendant Rushmore violated 15 U.S.C. §1692e(12) by falsely representing or implying that an account had been turned over to an innocent purchaser for value as alleged in paragraph 66.

I. Defendant Rushmore violated 15 U.S.C. §1692f by using unfair or unconscionable means in attempting to collect an alleged debt as alleged in paragraphs 44, 45, 47, 58, 63, 65, and 66.

J. Defendant Rushmore violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law as alleged in paragraphs 63, and 65.

K. Defendant Rushmore violated 15 U.S.C. §1692f(6)(a) by taking a nonjudicial action to effect the dispossession of the Consumers property when there is no present right to possession as alleged in paragraphs 34, 44, 47, 65, and 66.

L. Defendant Rushmore violated 15 U.S.C. §1692g(a) by failing to provide the five different pieces of information required within 5 days of the initial communication, as alleged in paragraph 29.

M. Defendant Rushmore violated 15 U.S.C. §1692g(b) by continuing collection efforts without verifying/validating the alleged debt as alleged in paragraph 44.


**WHEREFORE**, pursuant to 15 U.S.C. §1692k, the Plaintiff seeks judgment for damages against Rushmore Loan Management Services LLC. for statutory damages of $1000.00,  any attorney's fees the Consumer might suffer, costs for the Consumer to bring this action, past actual damages, any actual damages suffered by the Consumer while in the course of this action, punitive damages, compensatory damages, and any other relief as the court deems proper, for which let execution issue.

## COUNT IV

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT U.S. BANK N.A.

108. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

110. Defendant US Bank is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) as it has been claimed it is collecting payments for an alleged Trust..

111. Defendant US Bank is/was attempting to collect a debt for "household purposes" under 15 U.S.C. §1692a(5).

112. The Consumer sent US Bank a Notice of Dispute pursuant to 15 U.S.C. §1692g, through its agent, which requires the recipient of said Notice to provide the Consumer with verification of the Consumers liability to pay the claimant, once this letter is received. 15 U.S.C. §1692g(b) requires US Bank to cease all collection activity until the debt collector obtains verification of the alleged debt. US Bank has failed to provide any evidence it has any right to collect on this alleged debt, however, US Bank continued to make attempts at collection of this alleged debt.

113. Specifically, Defendant US Bank knew it was not entitled to collect on the alleged debt.

114. It is asserted that the Consumer does not have any financial relationship with

35

the Defendant US Bank and there is nothing on the record to reflect that. There is also nothing on the record, or in the Consumers possession, that show the Consumer received any funding, in the form of a loan, from the entity labeled as "Lender" on the agreement Defendant US Bank relies on. Defendant US Bank was fully aware that it was unable to provide a performance contract executed by the Consumer, whereby the Consumer is obligated to Defendant US Bank.

115. The Plaintiff has previously alleged that US Bank can be held vicariously liable for its agents' actions and violations through the Principal/Agent relationship.

116. Defendant US Bank has violated the FDCPA and caused damages to the Consumer by its failure to comply with the act. Defendant US Bank's violations include, but may not be limited to the following;

A. Defendant US Bank violated 15 U.S.C. §1692d by harassing the Consumer for payment, without proper verification, which has caused the Consumer to suffer mental, emotional, and psychological abuse.

B. Defendant US Bank violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt as alleged in paragraphs 46, and 67.

C. Defendant US Bank violated 15 U.S.C. §1692e(5) by threatening to take an action that could not legally be taken as alleged in paragraphs 34, 44 and 66.

D. Defendant US Bank violated 15 U.S.C. §1692e(8) by failing to report a disputed debt as being disputed in the Consumers credit report as alleged in paragraph 69.

E. Defendant Rushmore violated 15 U.S.C. §1692e and/or e(10) by using false representations or deceptive means to collect an alleged debt as alleged in paragraphs 44, 45, 46, 47, 58, 64, 65, 66, 67, and 69.

F. Defendant US Bank violated 15 U.S.C. §1692e(10) by using false representations or deceptive to obtain information about the Consumer as alleged in paragraph 68.

G. Defendant US Bank violated 15 U.S.C. §1692e(12) by using falsely representing or implying that an account had been turned over to an innocent purchaser for value as alleged in paragraph 66.

H. Defendant US Bank violated 15 U.S.C. §1692f by using unfair or unconscionable means in attempting to collect an alleged debt as alleged in paragraphs 44, 45, 47, 58, 63, 65, and 66.

I. Defendant US Bank violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law as alleged in paragraphs 63, and 65.

J. Defendant US Bank violated 15 U.S.C. §1692f(6)(a) by taking a nonjudicial action to effect the dispossession of the Consumers property when there is no present right to possession as alleged in paragraphs 34, 44, 47, 65, and 66.

K. Defendant US Bank violated 15 U.S.C. §1692g(a) by failing to provide the five different pieces of information required within 5 days of the initial communication, as

alleged in paragraph 29.

L. Defendant US Bank violated 15 U.S.C. §1692g(b) by continuing collection

efforts without verifying/validating the alleged debt as alleged in paragraph 71.

**WHEREFORE**, pursuant to 15 U.S.C. §1692k, the Plaintiff seeks judgment for

damages against Defendant U.S. Bank N.A. for statutory damages of $1000.00,  any

attorney's fees the Consumer might suffer, costs for the Consumer to bring this action,

past actual damages, any actual damages suffered by the Consumer while in the course of

this action, punitive damages, compensatory damages, and any other relief as the court

deems proper, for which let execution issue.

## COUNT V

### VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT, (MCDCA), MD CODE ANN. COMM. LAW §14-201 ET. SEQ. BY DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC.

117. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

118. Plaintiff is alleged to be involved in a "consumer transaction" within the

meaning of MCDCA §14-201(c).

119. Defendant Rushmore is a collector within the meaning of MCDCA §14-201(b).

120. Defendant Rushmore violated MCDCA §14-202(8) by attempting to enforce a

right with knowledge that right did not exist as alleged in paragraph 39.

**WHEREFORE**, pursuant to MCDCA §14-203,  the Plaintiff asks for judgment for damages against Defendant Rushmore,  for any attorney's fees the Consumer might suffer, costs for the Consumer to bring this action, past actual damages, any actual damages suffered by the Consumer while in the course of this action, and any other relief as the court deems proper, for which let execution issue.

## COUNT VI

### VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT, (MCPA), MD CODE ANN. COMM. LAW §13-301 ET. SEQ. BY DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC.

121. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

122. Plaintiff is alleged to be a "consumer" within the meaning of MCPA §13-101(c)(1).

123. Defendant Rushmore is a merchant within the meaning of MCPA §13-101(g)(1), according to its claim.

124.   Plaintiff has been subjected to emotional and mental anguish since the beginning of this matter.

125. Defendant Rushmore violated the MCPA. Defendant Rushmores' violations

39

include but are not limited to;

    (a)  Defendant Rushmore violated MCPA §13-301(14)(iii) by violating Title 14, Subtitle 2 of the MCDCA as alleged in paragraph 40.

    **WHEREFORE**, pursuant to MCPA §13-408(a), the Plaintiff asks for judgment for damages against Defendant Rushmore for any attorney's fees the Consumer might suffer, costs for the Consumer to bring this action, past actual damages, any actual damages suffered by the Consumer while in the course of this action, and any other relief as the court deems proper, for which let execution issue.

## VERIFICATION OF KEVIN RICHARDSON

I, Kevin Richardson, declare as follows:

1. I am named as the Plaintiff in the above-entitled matter.

2. I have read the foregoing complaint and know the facts therein stated to be true and correct.

3. I declare, under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

BY: _Kevin Richardson_____

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 29, 2017

Respectfully submitted,

Kevin Richardson
631 Railroad Avenue, #321
Centreville, Maryland 21617
Phone is 410 739 3606
Email is vinson49@gmx.com