**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEVIN RICHARDSON, | * | |
| *Plaintiff*, | * | |
| v. | | CIVIL NO.: 1:17-cv-307-JFM |
| | * | |
| SHAPIRO & BROWN LLP, *et al.*, | | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT NATIONSTAR MORTGAGE LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendant Nationstar Mortgage LLC ("Nationstar"), by and through counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this Memorandum of Law in Support of Motion to Dismiss Complaint (the "Complaint") filed by Plaintiff Kevin Richardson ("Plaintiff") and in support states as follows:

**INTRODUCTION**

This action is a last ditch attempt to thwart the lawful foreclosure of the subject property, currently pending in the Circuit Court for Queen Anne's County, Maryland, Case No. 17-C-16-020556 (the "Foreclosure Case"). This Complaint, however, fails to state a viable claim and must be dismissed for two reasons. First, Plaintiff's claim is barred by *res judicata*. Second, the FDCPA claim is time-barred.

In sum, Plaintiff's allegations have fallen far short of the necessary standard to properly set forth a claim against Nationstar. Accordingly, the Complaint cannot survive a motion to dismiss and must be dismissed with prejudice.

**STATEMENT OF FACTS**

**I.     JUDICIALLY NOTICABLE FACTS**

On November 20, 2009, Plaintiff refinanced real property commonly known as 112 Conquest Road, Centreville, Maryland 21617-2304 (the "Property") with a mortgage loan for $317,000.00 (the "Loan"). Pursuant to the deed of trust (the "Deed of Trust")[1], Bank of America, N.A. ("BANA") was the Loan's original lender. *See* Ex. A. The Deed of Trust includes a power of sale which states that, in the event of Plaintiff's default of the obligation, the lender is entitled to institute foreclosure proceedings against the Property and collect all costs incurred to foreclose. *Id.*

On October 20, 2012, BANA assigned its interest in the Deed of Trust to Nationstar.[2] Subsequently, on June 2, 2016, Nationstar assigned the Deed of Trust to Co-defendant U.S. Bank, National Association ("U.S. Bank").[3]

On March 18, 2013, Plaintiff filed a Complaint in this Court against Rosenberg &

---

[1] A copy of the Deed of Trust is attached as **Exhibit A**. The Deed of Trust was recorded on November 30, 2009, Book 1912, Page(s) 355-366, in the Queen Anne's County Land Records. Because the Deed of Trust is a public record, this Court may and should consider it without converting this Motion into one for summary judgment. *See, e.g.*, *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record." (citing *Hall v. Va.*, 385 F.3d 421, 424 (4th Cir. 2004))).

[2] Attached as **Exhibit B** is the Assignment from BANA to Nationstar, which was recorded on November 7, 2012, in the land records for Queen Anne's County, Maryland at Book 2145, Page 370. The Court may also consider this a public record on a Motion to Dismiss pursuant to Rule 12(b)(6).

[3] Attached as **Exhibit C** is the Assignment from Nationstar to U.S. Bank, which was recorded on July 19, 2016, in the land records for Queen Anne's County, Maryland at Book 2562, Page 25. The Court may consider this public record on a Motion to Dismiss pursuant to Rule 12(b)(6).

Associates LLC and Nationstar Mortgage LLC, alleging, amongst other claims, a violation of the Fair Debt Collection Practices Act ("FDCPA"). *See* **Exhibit D**, Compl. (ECF 1), *Kevin Richardson v. Rosenberg & Assocs. LLC, et al.*, Civil No. WDQ13CV0822, U.S. District Court for the District of Maryland (filed on Mar. 18, 2013) (hereinafter, the "Prior Case"). On June 11, 2014, Plaintiff, Nationstar, and Rosenberg & Associates LLC filed a Stipulation of Dismissal with Prejudice in the Prior Case. *See* **Exhibit E**, Stipulation of Dismissal (ECF 41).

Due to Plaintiff's failure to pay his Loan, admittedly "since early 2011" (Compl., ECF 1, ¶ 15), the Substitute Trustees filed an Order to Docket initiating the Foreclosure Case on March 3, 2016.[4] The Foreclosure Case is still pending and no sale has occurred or been ratified. *See* **Exhibit F**, Foreclosure Case Docket.

## II. ALLEGATIONS IN THE COMPLAINT[5]

The Complaint primarily consists of confusing and conclusory arguments against Nationstar's purported consumer debt violations, along with similar allegations against U.S. Bank, Co-defendant Shapiro & Brown LLP ("Shapiro") and Co-defendant Rushmore Loan Management ("Rushmore"). (*See generally* Compl., ECF 1.) To begin, Plaintiff alleges that in November 2015 he received a letter from Shapiro[6] "attempting to collect a debt for its client [Nationstar]." (*Id.*, ¶ 12; ECF 1-2.) Plaintiff further claims that this letter now unequivocally stated Nationstar was the "Creditor" of the Loan, despite stating for the four (4) previous years that the Loan was owned by Freddie Mac and that Nationstar serviced the Loan. (Compl., ECF 1, ¶ 14.) Plaintiff goes on

---

[4] Attached as **Exhibit F** is a copy of the docket for the Foreclosure Case. The Court may consider this public record on a Motion to Dismiss, pursuant to Rule 12(b)(6).

[5] The facts are taken as true for the purposes of this Motion only.

[6] Despite receiving this letter from Shapiro, Plaintiff waited more than fourteen (14) months to file the instant action.

affirm that Nationstar "acquired the [Loan's] servicing rights after" the debt was in default. (*Id.*, ¶ 15.)

Next, approximately one month after receiving the Shapiro letter, Plaintiff sent Nationstar and Shapiro "a Notice of Dispute and Request for Verification/Validation" on December 16, 2015. (*Id.*, ¶ 16; ECF 1-3.)  While Plaintiff admits receiving Nationstar's response in February 2016, he maintains that this correspondence somehow violated the FDCPA. (Compl., ECF 1, ¶ 19.)  In addition, Plaintiff outlines documents included with Nationstar's response, which appear to contradict outlandish contentions made only a few paragraphs above in the Complaint. (*Id.*, ¶¶ 21-25.)  For instance, despite claiming "for the record that [Plaintiff] does not have any contract or owe any debt to any of the Defendants," Plaintiff admits to receiving a copy of the assignment from BANA to Nationstar. (*Id.*, ¶ 21; *see also* Ex. B.)  Undeterred, Plaintiff devotes most of the Complaint explaining the same scenario against all the Defendants; to wit:  Plaintiff receives a letter that his Loan is in default; Plaintiff sends a debt validation letter to the entity that sent him the letter; the entity responds to Plaintiff and outlines the debt that Plaintiff clearly executed in 2009; yet, Plaintiff contends that the response violates a consumer debt violation statute. (*See generally* Compl., ECF 1.)

Based on these allegations, Plaintiff asserts only one cause of action against Nationstar — Count I:  Violation of the FDCPA, 15 U.S.C. § 1692.  (*See generally* Compl., ECF 1.)  Plaintiff seeks an award of actual and statutory damages from Nationstar.  *Id.*

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and quotations omitted).  Conclusory statements are not accepted as true.  *Id.*  Bare assertions, along with unwarranted inferences, unreasonable conclusions, or arguments will not be considered.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-83 (2009); *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n.26 (4th Cir. 2009).  Further, when considering a motion to dismiss, the Court is not required to accept the legal conclusions in a complaint, as those are questions of law for the Court to decide.  *Iqbal,* 556 U.S. at 678 (citation omitted).

Finally, the fact that Plaintiff is *pro se* does not relieve him of his obligation to adequately plead facts in the Complaint.  *See Randolph v. Baltimore City States Atty.,* No. WDQ-14-3176, 2014 WL 5293708, at *1-2 (D. Md. Oct. 14, 2014); *Seawright v. M. Shanken Commc'n, Inc.,* No. JKB-14-1326, 2014 WL 4258311, at *2 (D. Md. Aug. 26, 2014) ("[E]ven a pro se complaint must meet a minimum threshold of plausibility."); *Bell v. Bank of Am., N.A.,* No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel, this Court 'has not hesitated to required even *pro se* litigants to state their claims in an understandable and efficient manner.'  To that end, a district court 'is not obliged to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'" (internal citations omitted)).

## ARGUMENT

### I. THE COMPLAINT IS BARRED BY *RES JUDICATA*.

Plaintiff repeats the same theory that he advanced in the Prior Case – that Nationstar violated the FDCPA.  (*See generally* Compl., ECF 1.)  This theory, however, was finally

adjudicated on the merits when this Court entered a stipulation of dismissal with prejudice in 2014. (*See* **Exhibit E**, Prior Case Stipulation of Dismissal.)  Accordingly, this action is barred by *res judicata* and must be dismissed with prejudice.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314-15 (4th Cir. 1996).  The doctrine of *res judicata* bars the re-litigation of a claim if: (i) there is a previous final judgment on the merits in a court of competent jurisdiction in accordance with the requirements of due process; (ii) the parties are identical or in privity; and (iii) the claims in the second matter are based on the same cause of action in the earlier matter.  *See Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015).

In this case, all of the elements of *res judicata* are met.  First, this Court entered a final judgment on the merits in the Prior Case when it entered the stipulation of dismissal with prejudice. (*See* **Exhibit E**, Prior Case Stipulation of Dismissal.)  Under Maryland law, "a dismissal 'with prejudice' qualifies as an adjudication 'on the merits' and thus satisfies the requirements of *res judicata.* Accordingly, the [first] . . . element of Maryland's *res judicata* test has been established." *Fether v. Frederick Cty., Md.*, No. CIV. CCB 12-1674, 2013 WL 1314190, at *4 (D. Md. Mar. 29, 2013) (quoting *Church v. Maryland,* 180 F. Supp. 2d 708, 748 (D.Md.2002) (citations omitted)).

Second, Nationstar was a named party in the Prior Case; thus, there clearly exists privity.  Third and finally, the claims in this case were raised in the Prior Case and are clearly based on the same arguments and theories advanced in the Prior Case.  "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts."  *See Covert v. LVNV Funding, LLC*, 779 F.3d 242, 247 (4th Cir. 2015) (quoting

*In re Varat*, 81 F.3d at 1316).  Here, the set of facts in the two cases are part of the same "transaction" for purposes of *res judicata*.

Furthermore, to the extent that Plaintiff asserts new allegations or new causes of action, such claims are still barred because they are based on the same facts and allegations raised in the Prior Case or that could have been raised in the Prior Case, and Plaintiff has offered no rational or justification for why he could not have asserted these claims in the Prior Case.  *Res judicata*:

> bars another suit upon the same cause of action, and is conclusive *not only as to all matters that have been decided in the original suit, but as to all maters which with propriety could have been litigated* in the first suit. Issue preclusion applies in a second suit, *even though the cause of action is different,* to any determination of an issue which was litigation in the first case.

*Wool v. Md.-Nat'l Capital Park & Planning Comm.,* 664 F. Supp. 225, 228-29 (D. Md. 1987) (internal citations omitted) (emphasis added).  Plaintiff should not be allowed to re-litigate issues that were raised and dismissed by this Court or that could have been raised in the Prior Case.  This type of case is exactly what *res judicata* is meant to preclude.  Thus, the Complaint is barred by *res judicata* and should be dismissed with prejudice.

## II. PLAINTIFF'S FDCPA CLAIM FAILS BECAUSE IT IS EITHER TIME BARRED OR INSUFFICIENTLY PLED.

Plaintiff's FDCPA claim is based on Nationstar's alleged conduct from 2012 to December 2015. (Compl., ECF 1, ¶¶ 12, 14, 20.)  However, the FDCPA has a one-year statute of limitations running from the occurrence of the violation.  *See* 15 U.S.C. § 1692k(d).  Plaintiff filed the Complaint on February 1, 2017.  Therefore, Plaintiff's claim must be dismissed as time barred. With regard to the one purported violation referenced in the Complaint that may not be time-barred, Plaintiff has failed to state a claim upon which relief may be granted. (Compl., ECF 1, ¶ 19.)

Analyzing Plaintiff's allegations seriatim illustrates the fatal flaws in the Complaint. First, to the extent that Plaintiff's FDCPA claim relates to Nationstar's purported failure to sufficiently respond to his "verification request" in February 2016, Plaintiff has not sufficiently alleged a violation. (*Id.*) Plaintiff admits that Nationstar's response "contained documents" sent following Plaintiff's sending to Nationstar and Shapiro the "Notice of Dispute and Request for Verification/Validation" on December 16, 2015. (*Id.*, ¶ 16; ECF 1-3.) To the extent Plaintiff's thinly articulated claim purportedly may have fallen within the timeline for the statute of limitations, the Fourth Circuit, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). Therefore, Plaintiff has not sufficiently alleged that any violation occurred.

Further, Plaintiff repeatedly references a four-year period during which Nationstar "harassed . . . [him] for payment" of the Loan. (Compl., ECF 1, ¶ 89(A); *see also id.*, ¶ 14.) These purported violations are also time barred, as the period relates to a four-year stint which began prior to November 2015. Under the FDCPA, it is widely held that "[g]enerally, the statute of limitations begins to run when a communication violating the FDCPA is sent." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 760 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013) (quoting *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F.Supp.2d 492, 501 (D. Md. 2004) (citation omitted)). *Bierman* noted that this Court "has applied the discovery rule in the debtor rights context and held that a FDCPA claim accrues at the time of the violation or when the plaintiff should have known of the violation." *Id.* at 760. In applying these principles to the present case, it is clear that the communications began approximately four years ago and,

therefore, are time-barred. Accordingly, Plaintiff's FDCPA claims arising out of these instances are time-barred, and should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Nationstar respectfully requests that the Court dismiss with prejudice the Complaint and award Nationstar any further relief that it deems appropriate.

Date:   April 11, 2017	Respectfully submitted,

	  */s/ Emily M. Patterson*
	Emily M. Patterson (Fed. Bar No. 19373)
	**MCGUIREWOODS LLP**
	7 Saint Paul Street, Suite 1000
	Telephone: (410) 659-4544
	Facsimile: (410) 659-4583
	E-mail:  epatterson@mcguirewoods.com

	*Counsel for Defendant Nationstar Mortgage LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2017, the foregoing Defendant Nationstar Mortgage LLC's Memorandum in Support of Motion to Dismiss Complaint was filed and served via the Court's CM/ECF system to all known counsel of record. Further, copies of the same were sent via U.S. Mail, First-class, to Plaintiff at the following address:

> Mr. Kevin Richardson
> 631 Railroad Avenue, #321
> Centreville, Maryland  21617
> Telephone:  (410) 739-3606
> E-mail:  vinson49@gmx.com
> *Pro Se Plaintiff*

                                              */s/ Emily M. Patterson*
                                              Emily M. Patterson