IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore)

| | |
|---|---|
| **KEVIN RICHARDSON,** | |
| Plaintiff, | |
| v. | Case No.: 1:17-cv-00307-JFM |
| **SHAPIRO & BROWN, LLP,** *et al.* | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF SHAPIRO & BROWN, LLP's MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Shapiro & Brown, LLP ("Defendant" or "S&B"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Complaint filed by the Plaintiff, Kevin Richardson ("Plaintiff" or the "borrower") with prejudice for failing to state a claim upon which relief demanded may be granted.

### INCORPORATION

S&B adopts and incorporates by reference the motions, statements, arguments, and objections of Defendant Nationstar Mortgage, LLC's ("Nationstar") Motion to Dismiss filed by at Docket No. 10 in response to the Complaint.

### INTRODUCTION AND BACKGROUND

The borrower filed his action against S&B, a law firm with law offices in Maryland and Virginia. Defendant was appointed by Nationstar to enforce its interest against the real property located at 112 Conquest Road, Centreville, Maryland 21617 (hereinafter the "Property"). A foreclosure action was filed as Civil Case No. 17-C-16-020556 in the Circuit Court for Queen

1

Anne's County.[1] The Deed of Trust, which secured the underlying home loan, was recorded in the Land Records of Queen Anne's County in Deed Book 1912, Page 355. The Deed of Trust secures a promissory note (the "Note") executed by the borrower in the original principal amount of $317,000.00. A true and authentic copy of the Deed of Trust and Note are attached hereto as **Exhibit A** and **Exhibit B**, respectively. The borrower subsequently defaulted in payment on the Note on January 1, 2011 by failing to pay real property taxes and maintain insurance on the Property pursuant to the explicit terms of the Deed of Trust.

The borrower unsuccessfully sought to challenge Nationstar's right of enforcement of the Deed of Trust by filing a motion to stay and dismiss the collateral state court foreclosure action. After a court order was entered on February 21, 2017, the borrower then filed a Chapter 13 bankruptcy petition, Case No. 17-13634, on March 16, 2017, but almost immediately requested to dismiss this case, and an Order to this end was entered on March 30, 2017.

The borrower then initiated the instant case. Riddled with unsupported allegations purportedly leading to statutory violations of law, the borrower's complaint is little more than a collateral attack on the lender's efforts to enforce its security interest and an end around of the Maryland foreclosure process which thus far has been pending for over a year.

The foundation of the borrower's case originates with his dispute to the state court Foreclosure Case No. 17-C-16-020556. The borrower filed a Notice of Dispute, requesting verification and validation of the underlying debt. A true and authentic copy of the Notice of Dispute is attached hereto as, **Exhibit C**. S&B filed its response to his request on February 13, 2017. This Court denied Plaintiff's Notice of Dispute in an Order entered February 21, 2017 (attached hereto as **Exhibit D)**.

---

[1] This Court may take judicial notice of the dockets of the state and federal court proceedings and public land records referenced in this memorandum. *See Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 316 n.4 (D. Md.), *affd per curiam*, 584 F. Appx 135 (4th Cir. 2014).

Plaintiff claims that correspondence and communications from S&B are deceptive and misleading. The Plaintiff asserts six counts, but only Count II is asserted against S&B.

## STATEMENT OF FACTS

The Plaintiff's factual allegations primarily consist of unsupported legal conclusions and arguments. Although the Complaint states that the Plaintiff is without knowledge of the debt, Compl. at ¶ 11., he nonetheless describes communications through a myriad of letters with the various defendants regarding the debt owed. Compl. at ¶¶ 12-15. At the same time, the Plaintiff ignores the preceding collateral lawsuit against Nationstar. The borrower omits material facts, supported by public records, revealing his failed efforts to derail the current foreclose action by challenging the ownership of the Note, raising issues of standing, Nationstar's right to enforce its security interest, all of which have been addressed in the state court proceeding.

Plaintiff further alleges that he did "not have any contract or owe any debt to any of the Defendants." Compl. at ¶ 18. This naked allegation contradicts the collateral judicial proceedings.

The Plaintiff contends that S&B pursued collection efforts without verifying his debt, despite the fact that the law does not impose an affirmative burden to verify such debt. More specifically, he misrepresented "the level of attorney involvement in reviewing the underlying collection account." Compl. at ¶¶ 63-65. Such conclusions are pleaded with finality but does not meet the requisite pleading standard to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).

The Plaintiff alleges that the defendants' actions—collectively and without identifying which party to which he refers—somehow caused him harm. This includes infliction of emotional distress and mental harm. This ignores the fact that the state court foreclosure action

was the direct and proximate result of Plaintiff's own default of the clear terms of the Deed of Trust and Promissory Note. Quite tellingly, the Plaintiff's closing argument suggests that the facts are largely subjective beliefs and opinion: "These are the facts that pertain to this action at this point in time upon all information and belief." Compl. at ¶ 80.

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 12(b)(6) provides for 'the dismissal of a complaint if it fails to state a claim upon which relief can be granted.'" *Tucker v. Specialized Loan Servicing, LLC*, No. PWG-14-813, 2015 WL 452285, at *8 (D. Md. Feb. 3, 2015) (quoting *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012)). When deciding a Rule 12(b)(6) motion, "a court accepts all well-pled facts as true and construes [those] facts in the light most favorable to the plaintiff." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, the Complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S.Ct. 1937. A court need not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . or unwarranted inferences, unreasonable conclusions, or arguments" in determining the sufficiency with which a claim has been pled. *Nemet Chevrolet, Ltd.*, 591 F.3d at 255 (citing *Iqbal*, 129 S.Ct. at 1949, 1951-52; and *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n. 26 (4th Cir. 2009)).

In determining whether a Complaint states a plausible claim, the Court should not accept "conclusory factual allegations devoid of any reference to actual events." *Donnelly v. Branch Banking and Trust Co.*, 971 F.Supp.2d 495, 502-503 (D. Md. 2013) (citing *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). Claims are facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Haley Paint Co.*, 775 F. Supp. 2d at 798 (citing *Iqbal*, 556 U.S. at 678). A formulaic or conclusory allegation—essentially a "naked assertion" of misconduct—is not entitled to be assumed true and may be disregarded. *Twombly*, 550 U.S. at 557. Additionally, the "court need not . . . accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 744 (D. Md. 2010) (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement' but it asks more than a sheer possibility that a defendant has acted unlawfully. If a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57).

Indeed, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678-79. This standard applies to all parties who bring a claim in federal court as "proceeding pro se . . . does not absolve Plaintiff from pleading a plausible claim." *Wilson v. City of Gaithersburg*, No. PWG-14-2317, 2015 WL 4639626, at *2 (D. Md. Aug. 3, 2015). Applying the *Twombly/Iqbal* standard, Plaintiff has not alleged any elements of a cause of action, nor have they alleged specific material facts to support their conclusory allegations against the Defendants.

Likewise for purposes of a motion to dismiss, the Court "may take judicial notice of additional facts that are either matters of common knowledge or capable of certain verification" Included in the "capable of certain verification" category are facts "capable of immediate and certain verification by resort to sources whose accuracy is beyond dispute." *Paya v. Almaraz,* 329 Md. 435, 444, 620 A.2d 327 (1993). *Accord, Anheuser-Busch, Inc.* v. *Schmoke,* 63 F .3d 1305, 1312 (4th Cir. 1995), *vac. on other grounds,* 517 U.S. 1206, 116S. Ct. 1821 (1996); *Judicial Watch, Inc.* v. *Rossotti,* 217 F. Supp. 2d 618, 622 (D. Md. 2002); *See also Philips v. PittCnty. Mem'l Hosp.,* 572 F3d 176. 180 (4th Cir. 2009). Defendant requests that the Court take judicial notice of the foreclosure action pending in this Court against the Plaintiffs and the Property. *See Brown v. Kevin Richardson,* Case No.17-C-16020556, Circuit Court for Queen Anne's County. The Court may take judicial notice of its own records, including records in other cases. *Lerner v. Lerner Corp.,* 132 Md. App. 32, 40 (2000).

Additionally, "the requirement that a plaintiff's factual allegations '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"' applies to all claimants, including those proceeding *pro se*." *Hinton v. Trans Union, LLC,* 654 F. Supp. 2d 440, 446 (E.D. Va. 2009) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555)) (applying *Twombly* to a *pro se* complaint). "Thus, although a '*pro se* complaint' must be held to less stringent standards than formal pleadings drafted by lawyers," a *pro se* plaintiff's "obligation to provide the ground of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Hinton,* 654 F. Supp. 2d at 446 (quoting *Thigpen v. McDonnell,* 273 F. App'x 271, 273 (4th Cir. 2008) (unpublished)) (other citations omitted).

## ARGUMENT

**I.     COUNTS I, III, IV, V, and VI**

Counts I, III, IV, V, and VI are not directed at S&B. Therefore, S&B does not have any liability under these counts, and should be dismissed with prejudice.

**II.    COUNT II**

### A. FDCPA Allegations are Time Barred under 15 U.S.C. §1692k.

Even assuming *arguendo* Plaintiff had set forth sufficient facts for his FDCPA claims, under these sections his claims would be time barred. 15 U.S.C. §1692k of the FDCPA states that an action to enforce liability created by the FDCPA must be brought within one year of the violation occurring. The initial communication from S&B was admittedly received by the borrower"[i]n November 2015." Compl. at ¶ 12. Even if true, liability under this section is time barred.

### B. The borrower's claims under the Fair Debt Collection Practices Act relies on conclusory arguments unsupported by his own Complaint legal conclusions.

The borrower fails to meet the pleading standards in regards to his claim under the FDCPA. Without any legal basis to support his claim, the borrower asserts in a conclusory manner that S&B took actions in violation of FDCPA. See Compl. at ¶¶ 98A-98H. This information alone does not meet the heightened pleading standards required to survive a Rule 12(b)(6) motion to dismiss. *See Iqbal,* 556 U.S. at 663 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The Complaint challenges S&B's authority to collect on the debt despite him signing the very documents that support foreclosing on the Property:

> Specifically, Defendant Shapiro knew it was not entitled to collect on the alleged debt. . . Defendant Shapiro violated 15 U.S.C. 1692e(4) by representing or implying that nonpayment of the alleged debt would result in the sale of the Consumers property when such action would be unlawful...Defendant Shapiro violated 15 U.S.C. 1692e(5) by threatening to take action that could not legally be taken[.]

Compl. at ¶¶ 95, 98 C, 98 D, 98 E.

Assuming the veracity of the borrower's allegations without conceding them, he fails to plead sufficient facts that give rise to any FDCPA claim. Indeed, the alleged "misrepresentation" must be material. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 764 (D. Md. 2012) ("[I]n order to overcome a motion to dismiss an FDCPA claim that involves a false representation, a complaint must contain sufficient factual matter, accepted as true, "that the alleged false representations were material"). "[A] false or misleading statement is not actionable under §1692e unless it is material, observing that '[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement.'...'[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]-even if it is false in some technical sense.' Thus, '[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable.' *Lembach v. Stewart*, 528 Fed. Appx. 297, 302 (4th Cir. 2013) (*quoting Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)); *see also Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009). In the case *subjudice*, the borrower relies on a debt dispute that was initially verified Nationstar and subsequently by S&B as found by the circuit, which upheld Nationstar's right to foreclose on the Property. To state a claim under the FDCPA, a plaintiff must show: "(1) the plaintiff has been

the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Dikun v. Streich*, 369 F. Supp. 2d 781, 785 (E.D. Va. 2005) (quotation omitted). The borrower has not pled facts demonstrating the necessary elements upon which an FDCPA claim can proceed.

### C. The filing of foreclosure action does not constitute an "initial communication" under the FDCPA.

The borrower's claims against S&B for violations under §1692g, containing requirements for initial communications and debt validation are insufficient as matter of law. the filing of foreclosure *per se* does not trigger the disclosure requirements under §1692g. Specifically, Section 1692g(d) expressly provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. §1692g(d).

Contrary to the borrower's contention, the filing of the foreclosure action did not trigger the initial communication requirements of 15 U.S.C. §1692g. Prior correspondence between S&B and the borrower does not support a claim under the FDCPA, as the initial communication occurred in November 2015. As mentioned above, Nationstar validated the very debt that the borrower disputes and was relied upon in moving forward with a foreclosure action.

The borrower's fifty-five page internet styled manifesto (attached hereto as **Exhibit F**) styled as a debt dispute. In response, Nationstar validated the borrower's debt. In light of the borrower's lack of focus in his "debt dispute" manifesto, and past litigation with Nationstar, as well as his complaint in *Kevin Richardson v. Rosenberg & Assocs. LLC, et al.,* 1:13-cv-0822-WDQ that was dismissed with prejudice in its entirety, the borrower's voluminous document was immediately transferred to Nationstar for its review. The borrower acknowledges in his

own Complaint that he received the validation of that debt, but somehow rejects the sufficiency of that validation.

The foreclosure case did not move forward. S&B did not move service of the *in rem* foreclosure action until after supplemental verification was reissued by the S&B on September 27, 2016. A true and authentic copy of the supplemental verification is attached hereto as **Exhibit G**. S&B stayed its service of Order to Docket until after the debt was again validated, As such, the borrower was served on October 2, 2016. A copy of the Affidavit of Service is attached hereto as **Exhibit E**.

As a matter of law, a foreclosure is an equitable remedy and an *in rem* action proceeding under Title 14 of the Maryland Rules. Accordingly, it is not a civil action under Title 2. Process does not issue and the order to docket is not intended to be answered or traversed. *Saunders v. Stradely*, 25 Md. App. 85, 333 A.2d 604 (1975); *Fairfax Sav., FSB v. Kris Jen Ltd Partnership*, 338 Md. 1, 655 A2d 1265 (1995).

### D. Shapiro & Brown is not required to prove its authority to foreclosure.

Count II of the Complaint erroneously contends that S&B "knew it was not entitled to collect on the alleged debt." Compl at ¶ 95. The borrower provides no basis in law to support such contention. Instead, the Deed of Trust expressly provides that the Note is freely transferable and governs the contractual obligations of the named parties. See **Exhibit A** (Deed of Trust) at ¶ 20 ("The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."). Following the applicable terms of the Deed of Trust, Maryland law does not require a substitute trustee to demonstrate its standing to foreclose or a lender's authority to appoint a substitute trustee. To

the extent that the borrower conflates the action of the trustee with the law firm of S&B, Count II and the Complaint in its entirety fail to state a claim upon which relief can be granted.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff fails to state a claim upon which relief can be granted. Therefore, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant prays that this honorable Court dismiss this case in its entirety with prejudice.

                                                      Respectfully submitted,
                                                      **SHAPIRO & BROWN, LLP**

                                                      By:___/s/_____
                                                      William M. Savage, Esq.
                                                      SHAPIRO & BROWN, LLP
                                                      10021 Balls Ford Road, Suite 200
                                                      Manassas, Virginia 20109
                                                      bsavage@logs.com
                                                      thgartner@logs.com
                                                      (703) 449-5800
                                                      (847) 493-7223 Fax

S&B#15-254217

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2017, the foregoing was filed with the Clerk of the Court using the CM/ECF System, and was served via first-class mail, postage prepaid, to the following:

KEVIN RICHARDSON
631 Railroad Avenue, #321
Centerville, Maryland 21617

KEVIN RICHARDSON
112 Conquest Road
Centreville, Maryland 21617

U.S. BANK, N.A.
425 Walnut Street
Cincinnati, Ohio 45202

NATIONSTAR MORTGAGE LLC
c/o McGuireWoods LLP
7 Saint Paul Street, Suite 100
Baltimore, Maryland 21202

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC
152480 Laguna Canyon Road, Suite 100
Irvine, California 92618

/s/
William M. Savage, Esq.
SHAPIRO & BROWN, LLP
10021 Balls Ford Road, Suite 200
Manassas, Virginia 20109
bsavage@logs.com
thgartner@logs.com
(703) 449-5800
(847) 493-7223 Fax
*Counsel for Shapiro & Brown, LLP*

S&B# 15-254217