FILED_____ ENTERED
_____LODGED_____ RECEIVED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAY 0 9 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

KEVIN RICHARDSON      *
Consumer/ Plaintiff      *
     *
     *
     *
v.      *      Case Number:  1:17-CV-00307
     *
SHAPIRO & BROWN, LLP., ET AL.      *
Defendant      *
     *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS RESPONSE TO DEFENDANT

## NATIONSTAR MORTGAGE LLC'S

## MOTION TO DISMISS ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THIS COURT:**

The Consumer/Plaintiff, Kevin Richardson, asks the court to deny the Defendant, Nationstar

Mortgage LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be

Granted and states as follows:

## INTRODUCTION

1. Plaintiff is Kevin Richardson; Defendant which relates to this response is Nationstar

   Mortgage LLC. ( Nationstar)

2.  Plaintiff has sued Nationstar for violations of the Fair Debt Collection Practices Act
    (FDCPA) which occurred in 2016.

3.  Defendant Nationstar has filed a Motion to Dismiss for Failure to State a Claim Upon
    Which Relief May be Granted.

4.  Plaintiff files this response asking the court to deny the Defendant Nationstars'
    Motion to Dismiss.

## STANDARD OF REVIEW

5.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
    claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice
    of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint
    attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.*
    At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to
    state a claim to relief that is plausible on its face." *Id.* At 570.

6.  A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more
    than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

7.  Well-pleaded allegations of fact and every inference fairly deducible therefrom are
    accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94
    (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual
    proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*,
    550 U.S. at 556.

8. "A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove set of facts in support of the claim or claims that would entitle him to relief." *Hishon v. King & Spalding*, 467 US 69 – Supreme Court 1984. "In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff." *Id.*

9. "Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case." *Gordon v. Leeke*, 574 F. 2d 1147 - Court of Appeals, 4th Circuit 1978. "A pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief." *Id.* "With respect to a pro se plaintiff, a district court has a duty to give the plaintiff "the benefit of a liberally construed complaint." *Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).* The Fourth Circuit has expressed "the indisputable desire that [pro se] litigants with meritorious claims should not be tripped up in court on technical niceties." Id. At 1277-78." *Neild v. Wolpoff & Abramson, 453 F. Supp. 2d 918 - Dist. Court, ED Virginia 2006*

10. "In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F. 3d 231 - Court of Appeals, 4th Circuit 1999.

# ARGUMENTS AND AUTHORITIES

## THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

**11**. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute. "The FDCPA is a strict liability statute and a consumer only has to prove one violation to trigger liability." *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582 - Dist. Court, D. Maryland 1999.

## THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS

**12**. The FDCPA is a remedial statute. "To effectuate the FDCPA's remedial purpose, most courts interpret the bona fide error defense narrowly." *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp. 2d 492 - Dist. Court, D. Maryland 2004. "...contesting the debt best promotes the remedial nature of the FDCPA because it preserves debtors' abilities to obtain a remedy for violations of the statute. *See Atchison, Topeka & Santa Fe Ry. Co. v. Buell.* (recognizing the canon of statutory interpretation that remedial statutes are to be construed liberally)" Russell v. Absolute Collection Services, Inc. 763 F. 3d 385 - Court of Appeals, 4th Circuit, 2014

## THE FDCPA BROADLEY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

**13**. The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

**14**. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

**15**. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists

a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

16. **Plaintiff Is A "Consumer" As Defined By The FDCPA.**

"Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be obligated to repay a debt." 15 U.S.C § 1692a(3). Plaintiff has alleged that he is a "consumer" as defined by 15 U.S.C. § 1692a(3), and that he incurred the debt allegedly due a third party primarily for personal, family, or household purposes.

17. **Defendant Is A "Debt Collector" As Defined By The FDCPA.**

"Debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C § 1692a(6). Plaintiff has alleged that Defendant Nationstar is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

18. **Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA.**

"Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C § 1692a(5). Plaintiff has alleged that Defendant Nationstar claims that Plaintiff is obligated, or

6

allegedly obligated, to pay a consumer debt.

19. Defendant Nationstar has filed a Motion to Dismiss for Failure to State a Claim for Which Relief Can be Granted. The Plaintiff will address Nationstar's points it has raised in it 's Motion in order as they were addressed.

20. All other claims alleged in the Complaint, that were not addressed in Nationstar's Motion, have not been disputed by Nationstar, and thus, have been admitted to be true.

21. In the Statement of Facts, Nationstar claims that there has been two different assignments of the Deed of Trust in this matter (see exhibits B and C in the motion to dismiss) and that these were valid assignments. There are no other documents in the Plaintiff's possession to support the claim that these were valid assignments. In fact, all of the claims made by Bank of America N.A. and Nationstar, to the Plaintiff, (see exhibits 1, 2, and 3), the parties named in these assignments, prior to, and after the assignments, does not support these assignments claims. Both entities claim another entity owned the alleged loan, up to the point of the alleged assignment. Their statements made to the Plaintiff and the claims made in these assignments are conflicting in nature, and can be construed as deceptive, mis-leading, and possibly false. The question the Plaintiff has always had is how can a party transfer/assign interest in something it doesn't own or has any interest in. The Plaintiff addresses this in paragraphs 21 and 70 in the Complaint.

22. The Defendant attempts to show these copies of assignments prove that the Plaintiff owes a valid debt to one or more of the Defendants in this matter. These copies of assignments only prove two things. One is that they were prepared by someone and that they were recorded in the County records. That's all that is obvious about these copies. These copies are only presumed to be valid. There is nothing on record to support their validity.

23. In the Statement of Facts, Nationstar states" Due to Plaintiff's failure to pay his loan, admittedly "since early 2011." The Plaintiff feels the need to remind this Court that this instant matter is about Nationstar's actions in attempting to collect an alleged debt and violating a consumer protection statute which applies to this behavior. It is not about the validity of the alleged debt or any amount alleged to be owed. "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims" *McCartney v. First City Bank, 970 F. 2d 45 - Court of Appeals, 5th Circuit 1992.* "FDCPA claims focus on the misconduct of the debt collector, regardless of the existence, or amount, of any debt that the debtor might owe" *Karnette v. Wolpoff & Abramson, LLP, Dist. Court, ED Virginia 2007.* "FDCPA claim is an independent claim that has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt." "This litigation, therefore, does not concern the validity or the amount of the debt owed; it is about whether Defendant violated the FDCPA" *Willis v. CAVALRY INVESTMENTS, LLC, Dist. Court, SD Georgia 2016*

24. Nationstar claims that the Complaint is confusing and conclusory. The Plaintiff has layed out when the violations occurred, who committed the violations, and how Nationstar violated the FDCPA. The Plaintiff has also provided, later on in this reply, exhibits in support of the claims of violations. The Plaintiff is not sure how to make it any clearer on how the violations occurred.  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

25. If the Defendant was confused and found the Complaint difficult to understand, "Federal Rule of Civil Procedure 8(a) requires a Plaintiff's complaint to include "a short and plain statement of the claim." The complaint must "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)*. As a leading treatise has explained, if a complaint is ambiguous or lacks sufficient information to allow a defendant to prepare a responsive pleading, a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), not dismissal for failure to state a claim, is the appropriate remedy. 5B CHARLES A. WRIGHT & ARTHUR: R. MILER, FEDERAL PRACTICE AND PROCEDURE § 1356 (2006)." *Neild v. Wolpoff & Abramson, 453 F. Supp. 2d 918 - Dist. Court, ED Virginia 2006*

26. Nationstar argues that the entire complaint is barred by Res Judicata. The very fact that this complaint involves violations of the FDCPA does not preclude the Plaintiff of bringing this action forward to this court, as the violations that the plaintiff has alleged to have occurred are altogether different violations than the violations alleged in the 2013 FDCPA action, that occurred in a different time frame.

27. The claim that Res Judicata applies here is misplaced. As Nationstar states, the doctrine of Res Judicata bars the re-litgation of a claim if: (1) there is a previous final judgement on the merits of the instant matter, which there was not, as these are different violations, (2) the parties are identical, which is true in this case, as it applies to Nationstar, and (3) the claims in the second matter are based on the same cause of action in the earlier matter, which, again is not the case here, as the claims in this present matter are different violations of the FDCPA, within a different time frame.

28. As far as Nationstar's contention that the Plaintiff could have asserted these claims in the
prior case, how could that have been possible, when the claims of violations had not occurred
yet. It appears that Res Judicata does not apply to this present matter. "res judicata applies to
unraised claims only if they could have been adjudicated in an earlier action," In Re: *Eric
Dubois v.Atlas Acquisitions LLC*, Appeal from the United States Bankruptcy Court for the
District of Maryland, May 10, 2016 "The FDCPA bars any false, deceptive, or misleading
representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It
also creates an independent statutory remedy for aggrieved debtors. 15 U.S.C. § 1692k. That
remedy is not limited, nor is it technically tied in any way, to the alleged debt", ""When a[n]
FDCPA claim concerns collection activities, a[n] FDCPA claim does not arise out of the
transaction creating the debt. Indeed, even if the Circuit Court correctly determined that the
underlying debt was valid, Maryland rules of res judicata would not preclude [a consumer]
from later seeking damages against [alleged]creditors for illegally collecting that
debt"*Mostofi v. MIDLAND FUNDING, 117 A. 3d 639 - Md: Court of Special Appeals, 2015*

29. The plaintiff notes that all of the cases cited in Nationstar's current motion do not deal with
the FDCPA, but instead address other causes of action or circumstances, such as Bankruptcy.

30. Defendant Nationstar claims that the present matter is time barred, claiming the alleged
violations did not occur within the one year statute of limitations within the FDCPA, 15
U.S.C. § 1692k(d).

31. The plaintiff contends that all alleged violations occurred within one year of the filing of this
case, February 1, 2017.

32. According to previous cases in this district, all claims in this matter fall within the one year
statute of limitations. The copy of the envelope (exhibit 4), shows the response from

Nationstar (exhibit 2 from the complaint) was mailed on February 2, 2017, or the 3rd, there are two postage stamps, so even if this court makes it's ruling according to when the response was mailed, it still falls within the one year statute of limitations. But, this district appears to go by the opinion in *Stewart v. Bierman, 859 F. Supp. 2d 754 - Dist. Court, D. Maryland 2012,* which was cited in the current motion by the defendant, but which didn't include the whole citation, which is "Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent." *Akalwadi v. Risk Mgmt. Alts., Inc., 336 F.Supp.2d 492, 501 (D.Md.2004)* (citation omitted). "This Court, however, has applied the discovery rule in the debtor rights context and held that a FDCPA claim accrues at the time of the violation or when the plaintiff should have known of the violation." "Therefore, Plaintiffs' FDCPA claims are not barred by the applicable statute of limitations because they filed their Complaint within one year of discovering the Defendants' alleged fraudulent actions on which they base their claims."

33. As to the verification/validation Nationstar claims it complied with, the plaintiff contends the amount of verification the opinion in *Chaudry v. Gallerizzo* says is sufficient is lacking. This opinion is almost twenty years old and didn't exist in the time of mortgage securitization failures, widespread mortgage fraud, robo-signers, and buyers of large pools of non-performing home loans.

34. Nationstar is an admitted third party debt collector, and there is no dispute that it came into the picture in this alleged debt, supposedly as a servicer to the alleged owner at that time, Freddie Mac, and it is undisputed that the alleged loan was allegedly in default at the time Nationstar supposedly acquired the servcing rights.

35. In this situation, with Nationstar being a third party debt collector, the level of

verification/validation of the alleged debt should be raised to at least provide documentation

from the alleged original creditor that shows a "loan" was indeed received and that a default

actually did occur. Is that to much to ask for when a persons home is at stake? If everything

is in order, with the debt collectors claims, providing this as verification and validation

should not be a problem.

36. The plaintiff has never received any such information as verification/ validation to support

defendant Nationstar's claims. The only remedy for any homeowner it seems is to take the

matter to court and see if that will help in getting the relevant information that would reveal

if the debt collectors claims are indeed valid. Debt collectors leave no other options.

37. The plaintiff believes verification should consist of what these opinions have articulated.

Validation requires presentment of the account and general ledger statement signed

and dated by the party responsible for maintaining the account. See *Pacific Concrete F.C.U.*

*v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P. 3d

807, 96, Hawaii 32, (Hawaii App 2001), *Town of Brookfield v. Candlewood Shores Estates,*

*Inc.* 513 A. 2d 1218, 201 Conn. I (1986), and *Solon V. Godbole*, 163 Ill. App. 3d 845, 114

I11. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). "Defendant debt buyer's Rule 12(c) motion

denied on the consumer's § 1692g(b) inadequate verification claim where the pleadings

established that the defendant merely repeated the information in its own file and failed to

take any steps to confirm the debt with the original creditor: The verification requirement

demands more than that the debt collector merely repeating its assertion that a debt is due.

Simply repeating second or third-hand information in the debt collector's file is insufficient

under the statute."*Dunham v. Portfolio Recovery Associates,L.L.C., 2009 WL 3784236 (E.D.*

*Ark. Nov. 10,2009)*

Congress's intention when drafting the FDCPA was clear when it stated "**A debt collector verifies a debt by providing information that is responsive to the consumer's request.**" *See* H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. "In all cases involving statutory construction,[the court's] starting point must be the language employed by Congress,... and [the court] assume [s] that the legislative purpose is expressed by the ordinary meaning of the words used."*INS v. Phinpathya, 464 US 183 - Supreme Court 1984,* "where, as here, the statute's language is plain, `the sole function of the courts is to enforce it according to its terms."*Scott v. Jones, 964 F. 2d 314 - Court of Appeals, 4th Circuit 1992*

38. The plaintiff also provided the definition of verification in the complaint in paragraph 17 when he stated, "The Consumer provides here, the definition of verification according to Blacks Law Dictionary, sixth edition; Confirmation of correctness, truth, or authenticity by affidavit, oath, or deposition. In accounting, it is the process of substantiating entries in books of record. The word "verified,"when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. Many courts have also determined that verification/validation means a copy of the consumer credit contract is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account."

39. The plaintiff maintains that Nationstar has never truly verified or validated the claim that it was entitled to enforce the debt it claimed the Plaintiff owed it.

40. In the last paragraph of Nationstar's argument, where it states "further, plaintiff repeatedly references a four year period during which Nationstar "harassed…[him] for payment," That

was included in the plaintiffs complaint only to show how long the plaintiff has had to deal with the false claims of Nationstar in attempting to collect an alleged debt it has no legal right to collect, which is what the language of the FDCPA addresses. None of the violations alleged in this present matter are based within this "4 year period".

41. Exhibit 3 already discussed in paragraph 21 here, supports the allegations in paragraphs 20 and 26 of the complaint.

42. Exhibit B in the defendant Nationstar's present motion can be used to support the allegations in paragraph 21 of the complaint.

43. Exhibit 4 supports the allegations in paragraph 22 of the complaint.

44. Exhibit 5 supports the allegations in paragraph 23 of the complaint.

45. Exhibit 6 supports the allegations in paragraph 24 of the complaint.

46. Exhibit 7 supports the allegations in paragraph 25 of the complaint.

47. Exhibit 8 supports the allegations in paragraph 25 of the complaint, by showing the Plaintiff requested pertinent information from Nationstar, regarding the discussed loan modification, which Nationstar never addressed or complied with.

48. Exhibit 9 supports the allegations in paragraphs 50 and 51 of the complaint.

49. Exhibit 10 supports the allegations in paragraphs 52 and 53 of the complaint.

50. Exhibit 11 supports the allegations in paragraph 54 of the complaint.

51. Exhibit 12 supports the allegations in paragraph 55 of the complaint.

52. All of these exhibits are documents received by the plaintiff from defendant Nationstar, within one year of the filing of this case, in it's attempt to verify/validate it's claim that the plaintiff owes it an alleged debt.

## CONCLUSION

Plaintiff has plead facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under Federal Rule of Civil Procedure 8(a)(2). See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendant Nationstar's Motion to Dismiss for Failure to State a Claim. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint and clearly articulate any deficiencies identified by this court.

Respectfully Submitted,

Kevin Richardson
c/o 631 Railroad Avenue, #321
Centreville, Maryland
21617
410 739 3606
vinson49@gmx.com

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was provided by regular U.S. mail to the parties listed below this 8th day of May 2017.

Emily Michele Patterson
McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, MD 21202

William M. Savage, Esquire
Shapiro & Brown, LLP
10021 Balls Ford Road, Suite 200
Manassas, VA  20109

Rushmore Loan Management Services LLC.
15480 Laguna Canyon Rd., Suite 100
Irvine, CA. 92618

U.S. Bank N.A.
425 Walnut Street
Cincinnati, Ohio 45202

Kevin Richardson
c/o 631 Railroad Avenue, #321
Centreville, Maryland
21617
410 739 3606
email: vinson49@gmx.com