# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND 17 JUN 23 AM 10: 14

| | |
|---|---|
| KEVIN RICHARDSON<br>Consumer/ Plaintiff | CLERK'S OFFICE<br>AT BALTIMORE<br>BY____JAA____DEPUTY |
| v. | Case Number:  1:17-CV-00307 |
| SHAPIRO & BROWN, LLP., ET AL.<br>Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS RESPONSE TO DEFENDANTS

## RUSHMORE LOAN MANAGEMENT SERVICES LLC.

## AND U.S. BANK NATIONAL ASSOCIATION'S

## MOTION TO DISMISS ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THIS COURT:**

The Consumer/Plaintiff, Kevin Richardson, asks the court to deny the Defendants, Rushmore

Loan Management Services LLC. and U.S. Bank National Associations's Motion to Dismiss for

Failure to State a Claim Upon Which Relief May be Granted and states as follows:

## INTRODUCTION

1.  Plaintiff is Kevin Richardson; Defendants which relates to this response are Rushmore

Loan Management Services LLC (Rushmore) and U.S. Bank National Association (US Bank).

2.  Plaintiff has sued defendant Rushmore for violations of the Fair Debt Collection Practices Act (FDCPA), the Maryland Consumer Debt Collection Act, (MCDCA), and the Maryland Consumer Protection Act, (MCPA) which occurred in 2016.

3.  Plaintiff has sued defendant US Bank for violations of the Fair Debt Collection Practices Act (FDCPA), which occurred in 2016.

4.  Defendants, collectively, have filed a Motion to Dismiss (hereafter MTD) for Failure to State a Claim UponWhich Relief May be Granted.

5.  Plaintiff files this response asking the court to deny the Defendants MTD.

## STANDARD OF REVIEW

6.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "In its determination, the court must consider all well-pled allegations in a complaint as true", *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), "and must construe all factual allegations in the light most favorable to the plaintiff." *See* Harrison v.

2

Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir.1999) (citing *Mylan Labs.,*

*Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993)).

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only

enough facts to state a claim to relief that is plausible on its face." *Id.* At 570. "In considering

a motion to dismiss under Rule 12 (b)(6), a court " `must accept as true all of the factual

allegations contained in the complaint,'"and must" `draw all reasonable inferences [from those

facts] in favor of the plaintiff.'", "The complaint need not contain "detailed factual

allegations," but must contain sufficient factual allegations to suggest the required elements of

a cause of action." *Nemet Chevrolet, Ltd. v. Consumer Affairs. com, Inc.591 F. 3d 250 -Court*

*of Appeals, 4th Circuit, 2009*

7. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more

  than the mere possibility of misconduct". *Ashcroft v. Iqbql,* 129 W.Ct. 1937, 1950 (2009).

8. Well-pleaded allegations of fact and every inference fairly deducible therefrom are

  accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus,* 551 U.S. 89, 93-94

  (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual

  proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly,*

  550 U.S. at 556.

9. "A complaint, or portion thereof, should only be dismissed for failure to state a claim

  upon which relief may be granted if it appears beyond doubt that plaintiff can prove

  set of facts in support of the claim or claims that would entitle him to relief."

  *Hishon v. King & Spalding,* 467 US 69 –  Supreme Court 1984. "In determining

  whether a complaint states a claim on which relief may be granted, the court accepts as

true the allegations in the complaint and construes the allegations in the light most

favorable to the plaintiff." *Id.*

10. "Pro se complaints are held to a less stringent standard than those drafted by attorneys,

and a federal district court is charged with liberally construing a complaint filed by a

pro se litigant to allow the development of a potentially meritorious case." *Gordon v.*

*Leeke*, 574 F. 2d 1147 - Court of Appeals, 4th Circuit 1978. "A pro se litigant's

complaint should not be dismissed unless it appears beyond doubt that the litigant can

prove no set of facts in support of his claim that would entitle him to relief." *Id.*

"With respect to a pro se plaintiff, a district court has a duty to give the plaintiff "the benefit

of a liberally construed complaint." <u>*Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th*</u>

<u>*Cir. 1985).*</u> The Fourth Circuit has expressed "the indisputable desire that [pro se] litigants

with meritorious claims should not be tripped up in court on technical niceties." Id. At 1277-

78." *Neild v. Wolpoff & Abramson, 453 F. Supp. 2d 918 - Dist. Court, ED Virginia 2006*

11. "In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint

must be accepted as true and those facts must be construed in the light most favorable

to the plaintiff." *Edwards v. City of Goldsboro*, 178 F. 3d 231 - Court of Appeals, 4th

Circuit 1999.

# ARGUMENTS AND AUTHORITIES

## THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

12. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute. "The FDCPA is a

strict liability statute and a consumer only has to prove one violation to trigger

liability." *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582 - Dist. Court, D.

Maryland 1999.

## THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF
## CONSUMER DEBTORS

**13**. The FDCPA is a remedial statute. "To effectuate the FDCPA's remedial purpose, most courts

interpret the bona fide error defense narrowly." *Akalwadi v. Risk Management Alternatives,*

*Inc.*, 336 F. Supp. 2d 492 - Dist. Court, D. Maryland 2004. "...contesting the debt best

promotes the remedial nature of the FDCPA because it preserves debtors' abilities to obtain a

remedy for violations of the statute. *See Atchison, Topeka & Santa Fe Ry. Co. v. Buell,*

(recognizing the canon of statutory interpretation that remedial statutes are to be construed

liberally)" Russell v. Absolute Collection Services, Inc.763 F. 3d 385 - Court of Appeals, 4th

Circuit, 2014

## THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE
## COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR
## ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING
## STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

**14**. The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which

prohibits a catalog of activities in connection with the collection of debt by third parties. See

15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that

violates its provisions, and establishes general standards of debt collector conduct, defines

abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative

provisions of the FDCPA declare certain rights to be provided to or claimed by debtors,

forbid deceitful and misleading practices, both generally and in a specific list of disapproved

practices, and prohibit harassing and abusive tactics both generally and in a specific list of

disapproved practices.

**15**. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence

of the use of abusive, deceptive, and unfair debt collection practices by many debt

collectors," which "contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress

additionally found existing laws and procedures for redressing debt collection injuries to be

inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the

FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt

collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt

collection abuses." 15 U.S.C. § 1692(e).

**16**. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its

stated purpose, and forbids debt collectors from taking such action.  Simply it was

designed to protect consumers from unscrupulous collectors, whether or not there exists

a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses, oppresses or abuses any debtor, and any false deceptive or

misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services*

*Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v.*

*First City Bank*, 970 F.2d 45 (5th Cir. 1992).

**17. Plaintiff Is A "Consumer" As Defined By The FDCPA.**

"Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be

obligated to repay a debt." 15 U.S.C § 1692a(3). Plaintiff has alleged that he is a "consumer"

as defined by 15 U.S.C. § 1692a(3), and that he incurred a debt allegedly due a third party

primarily for personal, family, or household purposes, in paragraphs 102 and 109 of the

complaint

**18. Defendants Rushmore and US Bank Are A "Debt Collectors"As Defined By The**

**FDCPA.**

"Debt collector" is defined by the FDCPA as "any person who uses any instrumentality of

interstate commerce in any business the principal purpose of which is the collection of any

debts, or who regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another." 15 U.S.C § 1692a(6). Plaintiff has

alleged that Defendants Rushmore and US Bank are "debt collectors" within the meaning of

15 U.S.C. § 1692a(6) in paragraphs 9, 10, 101, and 110 of the complaint.

**19. Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA.**

"Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to

pay money arising out of a transaction in which the money, property, insurance, or

services which are the subject of the transaction are primarily for personal, family, household

purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C §

1692a(5). Plaintiff has alleged that Defendants Rushmore and US Bank claim that Plaintiff is

obligated, or allegedly obligated, to pay a consumer debt, which is owed to them in

paragraphs 102 ans 111 of the complaint.

**20.** Defendants Rushmore and US Bank have filed a Motion to Dismiss for Failure to State a

Claim for Which Relief Can be Granted. The Plaintiff will address the moving defendants points that have been raised in the Motion in order as they were addressed.

21. All other claims alleged in the Complaint, that were not addressed in the Motion, and that have not been disputed by Rushmore and US Bank, have been admitted to be true and correct and should survive the MTD.

22. The plaintiff wishes to incorporate, by reference, the statements, arguments, and exhibits filed in his previous responses in the oppositions to the Motions to Dismiss in this present matter, and any exhibits previously provided by any other defendants in this present matter.

23. On page 5 of the present MTD, counsel for the moving defendants refers to two assignments as if they are self authenticating documents and are not rebuttable. This is not the case. The plaintiff notes for the court that this was addressed already in the plaintiffs response to Nationstar Mortgage LLC.'s (Nationstar) MTD in paragraphs 21 and 22, and in the plaintiffs response to Shapiro & Brown LLP.'s (Shapiro) MTD in paragraph 24, which this court should take notice of. The plaintiff also wants to point out, in regards to these assignments, that the proof of a valid transaction and transfer of any beneficial interest is not the assignment itself, but, the evidence of a payment for the assignment, for it to be valid, which there is no evidence of at this point. There must be an underlying transaction for any assignment, of a mortgage or Deed, to have any legal effect.

24. On page 8 of the present MTD, it is stated "plaintiff complains that a subsequent letter from Rushmore in November of 2016 did not enclose a copy of the Note." This statement is not correct. What was in fact stated in paragraph 68 of the complaint is "In its response, Rushmore again claims an allonge to the Note exists, but again does not include a copy of any such document. If this document does exist, how is the Consumer supposed to determine

Rushmore's authority to even attempt collection in this matter if it doesn't provide documents it claims to have." (exh. 1) There is a substantial difference between a Note and an allonge to a Note. If there is in fact an allonge to the Note Rushmore is providing copies of, then this would involve another indorsement of the Note, which would create more questions and matters to address.

25. Counsel for defendants tries to demean plaintiffs claims of FDCPA violations in his complaint by calling it a "shotgun pleading." Plaintiff has merely listed all violations of the FDCPA, according to its definitions of various violations, that appear to have occurred within the one year of the filing of the complaint and or the violation itself. 15 USC §1692k states: "Except as otherwise provided by this section, **any debt collector who fails to comply with any** provision of this subchapter with respect to any person is liable to such person..."

26. On page 9 of the MTD, it is stated, "Plaintiff... then makes an argument that Rushmore failed to report his debt as disputed without citing any legal authority mandating that they do." The plaintiff thought it was apparent the legal authority derived from 15 USC §1692e(8), which states: (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Exhibit 2 supports this claim. This was addressed in paragraphs 43, 44, and 107e of the complaint. But the plain language of § 1692e(8) requires debt collectors to communicate the disputed status of a debt if the debt collector "knows or should know" that the debt is disputed. *See* 15 U.S.C. § 1692e(8). This "knows or should know" standard requires no notification by the consumer, written or oral, and instead, depends solely on the

debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge

is acquired. *See id.* Applying the meaning of "disputed debt" as used in § 1692g(b) to §

1692e(8) would thus render the provision's "knows or should know" language impermissibly

superfluous. *See* <u>Bailey v. United States,</u> 516 U.S. 137, 145, 116 S.Ct. 501, 133 L.Ed.2d 472

<u>(1995)</u> (quoting *Ratzlaf v. United States,* 510 U.S. 135, 140-41, 114 S.Ct. 655, 126 L.Ed.2d

<u>615 (1994)</u>) ("Judges should hesitate ... to treat [as surplusage] statutory terms in any setting.

..."), cited in *Brady v. Credit Recovery Co., Inc., 160 F. 3d 64 - Court of Appeals, 1st Circuit

1998*

27. Also on page 9 of the MTD, counsel for the moving defendants alleges that the

plaintiff, in the complaint, failed to make any material allegations to any non-judicial

action occurring in the county court. The plaintiff did indeed approach this subject in

paragraphs 27 and 49 of the complaint. Rushmore claims to be part of this county

level action, although there is no mention of it in the documents filed in the court

records there, and there is no supporting documents to show it has any relationship or

contract with either Shapiro or US Bank.

28. Also on page 9 of the MTD, counsel for the defendants claims that "plaintiff takes exception

to the assignment of the Deed of Trust." The plaintiff has already layed out the issues with the

assignment to US Bank in paragraph 70 of the complaint and provides Exh. 3 here to help

support one of those issues that was raised. Also, the plaintiff has already layed out the issue

of Nationstar not having any authority to assign anything to US Bank, as a claimed owner.

Plaintiff cites here section §9–203 of the Maryland Uniform Commercial Code, which states

in part: (b)   Except as otherwise provided in subsections (c) through (i), a security interest is

enforceable against the debtor and third parties with respect to the collateral **only if:(1) Value**

has been given; see Exh. 4. In the case the defendant cites in footnote number 6, in *LeBrun v. Prosise, 79 A. 2d 543 - Md: Court of Appeals 1951,* this court also stated "A mortgage is not a negotiable instrument, and an assignee of a mortgage is subject to any defense of the mortgagor against the mortgagee." In this case, by the word mortgage, the court meant Deed of Trust.

29. On page 9 of the MTD, counsel for the defendants claims the complaint is devoid of adequate factual allegations to put moving defendants on notice as to what the plaintiff is alleging moving defendants did to support any exposure to any violations. The plaintiff has tired his best to lay out the chain of events that have led to this action in as brief a manner as he could, without making the complaint longer than what it was in the end. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal, 129 S. Ct. 1937 - Supreme Court 2009.* All alleged FDCPA violations have been documented, and supported with exhibits and explained how the violations occurred and when they occurred. The plaintiff views this language by counsel for the moving defendants as the typical response to a FDCPA lawsuit that counsel usually uses. It has also been alleged in the complaint that these defendants have violated various sections of the FDCPA, and are taking an action they have no legal right to take, and has asked for the available damages allowed for in 15 U.S.C §1692k.

30. Counsel for the moving defendants couches this action by plaintiff as an eleventh hour attempt to forestall the debt collection action going on at the county level court. What difference does it matter what hour a legal action is taken when one is merely using the available laws Congress has provided to the consumers of this country to hold debt collectors

accountable for their actions? Of course, a property owner is going to take whatever steps he or she can to defend their property from being taken from them illegally.

**31**. On page 12 of the MTD, counsel claims the plaintiff does not allege any specific wrongdoing related to the Deed of Trust. The plaintiff begs to differ. Plaintiffs allegations were clearly layed out in the complaint in paragraphs 11 and 69, that relate to the current moving defendants. No where in the language of Exh. 5 does it state that the plaintiff would be obligated to pay on a debt under a different loan number, and no where in the language does it allow for corporate advances to be collected, Exh. 6 as alleged in paragraph 67 of the complaint, "Where the language of the contract is unambiguous, its plain meaning will be *2d 14 - Md: Court of Appeals 1982, citing Bernstein v. Kapneck,* 290 Md. 452, 459-60, 430 A.2d 602, 606 (1981); *Woodham v. Woodham,* 235 Md. 356, 360, 201 A.2d 674, 676 (1964). Also, It has long been settled law that "It is the province of the court, and not of the jury, to interpret a written contract." Syl. Pt. 1, *Stephens v. Bartlett,* 118 W.Va. 421, 191 S.E. 550 (1937). We have also ruled that, "Where the terms of a contract are clear and unambiguous, they must be applied and not construed." Syl. Pt. 2, *Bethlehem Mines Corporation v. Haden,* 153 W.Va. 721, 172 S.E.2d 126 (1969), cited in *Orteza v. Monongalia County General Hosp., 318 SE 2d 40 - W Va: Supreme Court of Appeals 1984.* Also, "still the implication must be found in the **language of the contract**. It is not to be gathered from the presumed or the real expectations of the parties," *Maryland v. Railroad Co., 89 US 105 - Supreme Court 1874.* Also, "Only if the **language of the contract** is ambiguous is there room for construction by the courts, under the Michigan rule. *DeVries v. Brydges,* 57 Mich.App. 36, 225 N.W.2d 195, 198 (1974), cited in *Island Creek Coal Co. v. Lake Shore, Inc., 832 F. 2d 274 - Court of Appeals, 4th Circuit 1987.*

**32**. On page 13 of the MTD, it is argued that the complaint did not adequately allege the moving

defendants are debt collectors. The plaintiff points to paragraph 9 of the complaint where it

was stated: "Defendant Rushmore Loan Management Services LLC is a "debt collector" as

that term is defined by 15 USC§1692a(6) because it uses mail in a business the principal

purpose of which is the collection of debts, and regularly collects, directly or indirectly, debts

owed to another," and "Defendant U.S. Bank N.A is a "debt collector" as that term is defined

by 15 USC§1692a(6), as it is collecting payments for another, a Trust, on an alleged debt that

was acquired while it was allegedly in default."The plaintiff has also alleged has been the

object of collection activity arising from consumer debt. In paragraphs 102 and 111 of the

complaint, it is stated: "Defendant Rushmore is/was attempting to collect a debt for

"household purposes" under 15 U.S.C. §1692a(5) and "Defendant US Bank is/was attempting

to collect a debt for "household purposes" under 15 U.S.C. §1692a(5), respectively. In

paragraph 15, it was claimed that the defendants involved here claim the alleged debt has

been in default since 2011, therefore all defendants came into picture in regards to this alleged

debt clearly after it would have been in default. The plaintiff refers to exhibits 5 and 11 of the

complaint, where these documents show where it is claimed this alleged debt was in default

since January 2, 2011. The plaintiff believes it has been sufficiently plead that the moving

defendants here are debt collectors, which at this point should be enough to survive a motion

to dismiss. "To succeed on a FDCPA claim a plaintiff must demonstrate that "(1) the plaintiff

has been the object of collection activity arising from consumer debt, (2) the defendant is a

debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or

omission prohibited by the FDCPA." *Dikun v. Streich,* 369 F.Supp.2d 781, 784-85

(E.D.Va.2005) , cited in *Stewart v. Bierman, 859 F. Supp. 2d 754 - Dist. Court, D. Maryland*

*2012.* The plaintiff also points out in paragraph 28 of the complaint, it was claimed Rushmore declared it was a debt collector in the initial communication the plaintiff received from Rushmore. This can be verified in exhibit 3C of the complaint.

33. Also on page 13, counsel asserts that the plaintiff has no right to file this action. The plaintiff has every right to sue debt collectors involved in any attempt to collect an alleged debt, even in a foreclosure action. This is in fact what Congress intended when it created the FDCPA, as supported previously in paragraphs 12 through 16. Also, the "Fourth Circuit has exhibited a lack of judicial tolerance for failure to comply with the FDCPA." *Creighton v. Emporia Credit Service, Inc.,981 F.Supp. 411, 417 (E.D.Va. 1997)*; citing *Miller v. Payco-General American Credits, Inc.,943 F.2d 482 (4th Cir. 1991); U.S. v. National Financial Services, Inc., 98 F.3d 131 (4th Cir. 1996)*. "The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices," and it "authorizes any aggrieved person to recover damages from any **debt collector** who fails to comply with any provision of the FDCPA", *Marx v. General Revenue Corp., 133 S. Ct. 1166 - Supreme Court 2013.*

34. On page 14, it is argued that Rushmore is not a debt collector and numerous cases are cited in an attempt to support this argument. In the first example, from *Allen v. Bank of America Corp., Dist. Court, D. Maryland 2011*, it is cited: "Typically, mortgage servicers are excluded from the statutory definition of debt collectors because at the time they begin servicing, the loans are not in default." It has been alleged in the complaint that this alleged debt has allegedly been in default since early 2011, as discussed in paragraph 32, previously here, so the case cite provided in this paragraph, in the end supports my argument that Rushmore is, without a doubt, a debt collector in this matter. In the same case, *Allen v. Bank of America*

*Corp.*, it is further stated "Where a servicer believes a loan to be in default at the time it

commences servicing, however, courts have found it is not exempt from the FDCPA's

definition of "debt collector." *See, e.g., Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534,

536-39 (7th Cir. 2003); *Shugart v. Ocwen Loan Servicing, LLC*, 747 F. Supp. 2d 938, 942-43

(S.D. Ohio 2010) ("[The] exception, which may operate to remove a loan servicer from the

definition of a `debt collector', does not apply if the loan was in default at the time it was

acquired by the servicing company, or if the servicing company treated it as such.").

**35.** Also on page 14, it is argued that Rushmore is not subject to the FDCPA according to 15

USC 1692a(6)(F)(i), which states: "The term "debt collector" means any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly

or indirectly, debts owed or due or asserted to be owed or due another….. The term does not

include – (F) any person collecting or attempting to collect any debt owed or due or asserted

to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary

obligation or a bona fide escrow arrangement;". According to recent cases in this district, this

argument has failed: "In addition, "§ 1692a(6)(F)(i) was intended to apply to entities such as

trust departments of banks and escrow companies." *Goodrow v. Friedman & MacFadyen,*

*P.A., 788 F.Supp.2d 464, 470 (E.D.Va. 2011)*; see also *Franceschi v. Mautner-Glick Corp.,*

*22 F.Supp.2d 250, 254 (S.D.N.Y. 1998)* ("The legislative history of the FDCPA confirms that

Congress did not intend the Act to cover companies in the business of regularly servicing

outstanding debts, such as rents, for others."). …….See *Cyrilien v. Wells Fargo Bank, N.A.,*

No. H-10-5018, 2012 WL 2133551, at *2 (S.D.Tex. June 11, 2012) (citations omitted)

(determining that, although evidence established that Wells Fargo's collection activity was

"incidental to a bona fide fiduciary obligation created by virtue of its position as a mortgage servicer," the "debt collector" exemption does not apply to a mortgage servicing company or an assignee of a debt if the debt was in default at the time it was assigned)", cited in *Lupo v. JPMorgan Chase Bank, NA, Dist. Court, D. Maryland 2015.* Also, the plaintiff found "The fact that trustees foreclosing on a deed of trust are fiduciaries only partially answers the question. Rather, the critical inquiry is whether a trustee's actions are "incidental to a bona fide fiduciary obligation." *Id.* We conclude that a trustee's actions to foreclose on a property pursuant to a deed of trust are not "incidental" to its fiduciary obligation. Rather, they are central to it. Thus, to the extent Defendants used the foreclosure process to collect Wilson's alleged debt, they cannot benefit from the exemption contained in § 1692a(6)(F)(i). *Cf.* FTC Official Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50103 (Fed. Trade Comm'n Dec. 13, 1988) ("The exemption (i) for bona fide fiduciary obligations or escrow arrangements applies to entities such as trust departments of banks, and escrow companies. It does not include a party who is named as a debtor's trustee solely for the purpose of conducting a foreclosure sale (i.e., exercising a power of sale in the event of default on a loan).", cited in *Wilson v. Draper & Goldberg, PLLC, 443 F. 3d 373 - Court of Appeals, 4th Circuit 2006.*

**36**. On page 15, it is still argued that Rushmore is not a debt collector. The plaintiff believes he has addressed this argument enough in this response in opposition, and provided enough supporting documents and arguments to show that Rushmore is without a doubt a debt collector, and will not address this again here.

**37**. On page 15, it is argued US Bank is a Creditor. 15 USC 1692a(4) defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term

does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." By the defintion, provided here, US Bank does not fit the definition of Creditor. It most definitely did not provide any credit to the plaintiff, creating a debt, and there should be no argument as to the status of the alleged debt as being in default if the last payment claimed to have been received on this alleged debt was December 2010 payment. See Exh.6 here. This document is from Rushmore's records. US Bank also claims to be a Trustee for a Trust, therefore any funds it might receive are supposed to be forwarded to the investors ( certificate holders) in the Trust. US Bank has no discretion on what to do with any funds it might receive from any loans purportedly that were transferred into the Trust.(see Exh.7), page 2, left hand side of page, where US Bank clearly states in its own corporate document that in its role as Trustee, it has a duty to distribute payments to the investors/securities holder. Therefore, by definition, it is collecting for anothers benefit, not itself. "debt collector includes any non-originating debt holder that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition," "For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired", "Creditors and mortgage servicers are excluded from the definition of "debt collector," provided the creditor or servicer neither acquired the debt when it was in default nor treated the debt as if it were in default at the time of acquisition." cited in *Bridge v. Ocwen Federal Bank, FSB, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012.* ""To distinguish between these two possibilities, the Act uses the status of the debt at the time of the assignment . . . ." *Schlosser, 323 F.3d at 536*; see also 15 U.S.C. § 1692a(4); id. § 1692(a)(6)(F)(iii). The Sixth Circuit has summarized the basic analysis as

17

follows, *Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012)*:For an entity

that did not originate the debt in question but acquired it and attempts to collect on it, that

entity is either a creditor or a debt collector depending on the default status of the debt at the

time it was acquired.", cited in *Howes v. WELLS FARGO BANK, NA, Dist. Court, D.*

*Maryland 2015.* Defendant doesn't provide any cases here to support this argument.

**38**. On Page 15, the argument here in the last paragraph seems to question the allegations in

paragraphs 47 and 71 of the complaint, where the issue of receiving an incomplete accounting

of the alleged debt was addressed, and it was alleged that Rushmore violated 15 USC §1692e,

e2, and e10, by using misleading and deceptive means and falsely representing the amount of

an alleged debt. 15 USC §1692e says, "A debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt. Without

limiting the general application of the foregoing, the following conduct is a violation of this

section--" and 15 USC §1692e(2) continues and says, " The false representation of – (A) the

character, amount, or legal status of any debt", and 15 USC §1692e(10) continues and says,

"The use of any false representation or deceptive means to collect or attempt to collect any

debt or to obtain information concerning a consumer." The language of the noted sections of

15 USC §1692e are pretty much self explanatory here, in that, Rushmore has violated these

 sections by not providing a full accounting of the account activity statement, (Exh. 8), going

back to the origination of the alleged debt. Thus, how is the consumer, here, supposed to get a

full and clear picture of what is claimed by Rushmore to be owed? This major lack of

information is material in nature, and should support a violation of the 15 USC §1692e.

**39**. On page 17 of the MTD, it is argued that Rushmore properly verified the alleged debt. As

plaintiff argued in his response to Nationstars MTD, the plaintiff believes verification should

consist of what these opinions have articulated. <u>Validation requires presentment of the</u> <u>account and general ledger statement signed and dated by the party responsible for</u> <u>maintaining the account.</u> See *Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A. 2d 1218, 201 Conn. I (1986), and *Solon V. Godbole*, 163 III. App. 3d 845, 114 I11. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). "Defendant debt buyer's Rule 12(c) motion denied on the consumer's § 1692g(b) inadequate verification claim where the pleadings established that the defendant merely repeated the information in its own file and failed to take any steps to confirm the debt with the original creditor: The verification requirement demands more than that the debt collector merely repeating its assertion that a debt is due. Simply repeating second or third-hand information in the debt collector's file is insufficient under the statute."*Dunham v. Portfolio Recovery Associates,L.L.C., 2009 WL 3784236 (E.D. Ark. Nov. 10,2009)* <u>Congress's intention when drafting the FDCPA was clear when it stated "**A debt collector**</u> <u>**verifies a debt by providing information that is responsive to the consumer's request."**</u> <u>See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977.</u> "In all cases involving statutory construction,[the court's] starting point must be the language employed by Congress,... and [the court] assume [s] that the legislative purpose is expressed by the ordinary meaning of the words used."*INS v. Phinpathya, 464 US 183 - Supreme Court 1984,* "where, as here, the statute's language is plain, `the sole function of the courts is to enforce it according to its terms."*Scott v. Jones, 964 F. 2d 314 - Court of Appeals, 4th Circuit 1992*

**40**. The plaintiff provides here, the definition of verification according to Blacks Law Dictionary, sixth edition; <u>Confirmation of correctness, truth, or authenticity by affidavit, oath, or</u>

deposition. In accounting, it is the process of substantiating entries in books of record. The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. Many courts have also determined that verification/validation means a copy of the consumer credit contract is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account."

41. On page 17, it is argued that 15 USC §1692g is not applicable. This claim appears to not have any merit, as the letter from Shapiro, (exhibit 1 of the complaint) that is referred to here, did not mention anything about Rushmore and/or its alleged principal, US Bank as being involved at that point in time, in the alleged debt. The contents of the letter are clear on that. There was not then or is there now any apparent link between Rushmore and Shapiro. Whenever a new party appears in a debt collection matter, there is always an initial communication between that debt collector and the consumer. "—holding that since the FDCPA makes no distinction between initial and subsequent debt collectors, each debt collector must provide information required by § 1692g" "At least one federal court has concluded that, because each debt collector must comply with the requirements of § 1692g, each must provide a debtor with validation of debts", cited in *Senftle v. Landau, 390 F. Supp. 2d 463 - Dist. Court, D. Maryland 2005,* and *"*—held "[t] here is nothing in the legislative history or the statutory language which indicates that an assignee debt collector should be exempt from any portion of section 1692g" even though the previous debt collector provided such notice.(Emphasis in original.)" cited in *Griswold v. J & R Anderson Bus. Servs., 1983 US Dist. LEXIS 20365 – 1983.* The language in 15 USC 1692g is pretty clear. "Within five days after the initial communication with a consumer in connection with the collection of any

debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- " and "The Fourth Circuit applies the "least sophisticated consumer" standard in evaluating all FDCPA claims."—noting that the least sophisticated consumer standard "comports with basic consumer-protection principles" ""The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."*US v. National Financial Services, Inc., 98 F. 3d 131 - Court of Appeals, 4th Circuit 1996.* It appears that Rushmore thought it was subject to 15 USC 1692g, as it responded to the plaintiffs dispute letter, as noted in paragraph 45 of the complaint, of which some of the alleged violations originate from.

42. On page 17, it is further argued that 15 USC 1692g is not applicable. The plaintiff is not sure of which section of 15 USC 1692g the defendant is referring to here in the last paragraph. The plaintiff has alleged a violation of both 15 USC 1692g(a) and (b), separately, and the defendant merely mentions 15 USC 1692g here. It is also addressed when the letters addressed in the complaint were received. The initial letter (exh. 3 of complaint) is dated May 27, 2016, so its reasonable to assume I received it within 10 days, as I do not get my mail directly at the place where I live, but at a mail delivery store, such as a UPS store, and might actually get mail once a week.

43. On page 18, it is argued the request for verification was untimely, and refers to the letter dated June 8, 2016 that was referred to in paragraph 42 of the complaint. (see exh.9 here) Plaintiff has provided a copy of this letter and the envelope it was mailed in, showing it was postmarked June 10, 2016. As noted in the previous paragraph, the plaintiffs mail is not received on a daily basis, so again it is reasonable to assume that it was received within 10

days of the actual mailing. In the dispute letter, (exh. 4 of complaint) it was stated that the

June 8 letter was received on June 18, therefore, the dispute letter was sent within 30 days of

receipt.

**44**. On page 18, it is claimed that Rushmore satisfied its obligation in verifying its claim after the

plaintiff mailed the dispute letter to them dated July 17,2016. The plaintiff has already

addressed the subject of verification in paragrapghs 39 and 40 here, and what Congress's

intention was when it came to verification. None of the documents provided by Rushmore in

its attempts to verify/validate its claim are self-authenticating as to the existence of a right to

legally take the actions it has and is taking, as claimed in this paragraph on page 18. Any

financial institution, toady, surely has the ability to obtain copies of the loan documents that

were provided in Rushmore's reply, as most are a matter of public record and easily

obtainable, even a copy of the Note. Also, as noted in the complaint in paragraphs 47, and 71,

the payment history's provided by Rushmore were incomplete as they do not go back to the

origination of the alleged loan.

**45**. In the argument on page 19, it is claimed the validation letter from Rushmore satisfied the

request for verification, and the content of any follow up letters are of no consequence. The

only two other dispute letters sent by the plaintiff were only sent in response to further

attempts at the collection of this alleged debt, and were merely attempts by plaintiff to gain

more pertinent information from Rushmore regarding its claim. Rushmore responded to these

other dispute letters with documents it claimed verified its claim. It was Rushmore's choice

on whether to respond or not to these subsequent letters, if it felt it was not required to, but it

did respond, and some of the violations in the complaint are based on information and

documents received by the plaintiff, from Rushmore, in its attempt to collect on an alleged

debt. 15 USC §1692k states "Except as otherwise provided by this section, **any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person**". That seems to be pretty clear on what Congress intended in the language of the FDCPA. All alleged violations against the moving defendants here, are alleged for the first time and all fall within the one year statute of limitations as dictated in 15 USC §1692k(d).

**46**. On page 20, it is argued that Rushmore is not required to have a license under The Maryland Collection Agency Licensing Act, MD. CODE ANN., BUS. REG., § 7-101, et seq (MCALA). It was alleged in the complaint that Rushmore should be required to obtain a license in Maryland to operate as a debt collector/collection agency in paragraphs 31-37 "— held that filing a collection action without the requisite license under the MCALA constitutes an "action that cannot legally be taken." *Bradshaw v. Hilco Receivables, LLC, 765 F. Supp. 2d 719 - Dist. Court, D. Maryland, 2011* MCALA requires that "a person must have a license whenever the person does business as a collection agency in the State." Id. at § 7-301(a). For the purposes of this case,  MCALA defines a "collection agency" as "a person who engages directly or indirectly in the business of: (1)(i) collecting for, or soliciting from another, a consumer claim§ 7-101(c)(1)(i). § 7-101(e) states a "Consumer claim" means a claim that:

  (1) is for money owed or said to be owed by a resident of the State; and

  (2) arises from a transaction in which, for a family, household, or personal purpose,

  the resident sought or got credit, money, personal property, real property, or services.

In paragraph 32 of the complaint, the plaintiff was able to locate information listing all of the different licenses that Rushmore has across the U. S. Exh.10 is provided here to support this statement. It shows where Rushmore is licensed as a debt collector or collection agency in 22

different states, and in 18 different states, has multiple licenses, one of which is either as a debt collector or collection agency. The plaintiff is not saying Rushmore can not also be licensed as mortgage lender, as it is claimed in the MTD, just that Rushmore should be required to also be licensed as collection agency. In paragraph 33, it was stated "In 2016, it was widely reported in the financial industry, that Rushmore bought at least 3,729 non-performing, delinquent, loan accounts from Freddie Mac, making Rushmore a debt buyer of delinquent (debt accounts in default) accounts." Since the filing of this complaint, the plaintiff has learned of two other instances where Rushmore has purchased more non-performing, delinquent, loan accounts from Freddie Mac. In a little more than a year Rushmore has purchased roughly around 4649 home loans in default. (see exh.11). This amounts to quite the purchase of loans in default, and is the definition of a defaulted debt buyer. "—treating defendant as a "collection agency" because it purchased consumer debts in default, and filed lawsuits in Maryland to collect on those debts" *Ademiluyi v. PENNYMAC MORTG. INV. TRUST HOLDINGS I, 929 F. Supp. 2d 502- Dist. Court, D. Maryland, 2013*, citing *Hauk v. LVNV FUNDING, LLC, 749 F. Supp. 2d 358 - Dist. Court, D. Maryland 2010*

**47**. The Plaintiff would like to include a portion *Bradshaw v. Hilco Receivables* here to support his position: "Moreover, if there were any confusion, there is ample legislative history confirming the Maryland General Assembly's intention to require companies that acquire defaulted consumer debt, such as Hilco, to be licensed. For example: House Bill 1324 extends the purview of the State Collection Agency Licensing Board to include persons who collect consumer claims acquired when claims were in default. These persons are known as "debt purchasers" since they purchase delinquent consumer debt resulting from credit card transactions and other bills; these persons then own the debt and seek to collect from consumers like other

24

collection agencies who act on behalf of original creditors. H.B. 1324, 2007 Leg. Sess., S. Fin.
Comm. (Md. 2007), ECF No. 16-9. The law does not require licensing for businesses that only
collect their own consumer debts . . . . However, the evolution of the debt collection industry has
created a "loophole" used by some entities as a means to circumvent current State collection
agency laws. Entities such as "debt purchasers" who enter into purchase agreements to collect
delinquent consumer debt rather than acting as an agent for the original creditor, currently collect
consumer debt in the State without complying with any licensing or bonding requirement. The
federal government has recognized and defined debt purchasers as collection agencies, and
requires that these entities fully comply with the Federal Fair Debt Collection Practices Act. This
legislation would include debt purchasers within the definition of a "collection agency," and
require them to be licensed by the Board before they may collect consumer claims in this State."

**48.** In paragraph 35 of the complaint, it was alleged that Rushmore, by not having the
required license to collects debts in Maryland, also violated 15 USC §1692e(5) and f(6)(a),
which are "The threat to take any action that cannot legally be taken or that is not intended to be
taken." and "Taking or threatening to take any nonjudicial action to effect dispossession or
disablement of property if – (A) there is no present right to possession of the property claimed as
collateral through an enforceable security interest.", respectively, seeing how Rushmore now
claims to be involved in the Non-judicial action in the county court. This District has already
decided in some cases that "Violations of a state collection licensing law such as the MCALA
may support a claim under the FDCPA"and "—held that filing a collection action without the
requisite license under the MCALA constitutes an "action that cannot legally be take" *Bradshaw
v. Hilco Receivables.*

business in Maryland. "Doing business as a collection agency in Maryland without a license may

be a violation of the MCDCA" *Bradshaw v. Hilco Receivables.*

**50**.   Counsel for the defendants also argues the knowledge requirement of the MCDCA. "This

Court has previously construed the level of knowledge required under the MCDCA and has held

that "[c]onsidering the remedial aim of the MCDCA and the dilution of the statute that would

result from a contrary interpretation, the Court holds that the term 'knowledge' in the Act does

not immunize debt collectors from liability for mistakes of law." *Bradshaw v. Hilco Receivables*

citing *Spencer v. Henderson-Webb, Inc., 81 F. Supp. 2d 582, 594 (D. Md. 1999)."* "In addition,

the "knowledge" requirement of the MCDCA "has been held to mean that a party may not

attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the

existence of the right." *Bradshaw v. Hilco Receivables.* citing *Kouabo v. Chevy Chase Bank,

F.S.B., 336 F. Supp. 2d 471, 475 (D. Md. 2004) (citing Spencer, 81 F. Supp. 2d at 595).*  The

plaintiff believes that the "knowledge" argument brought forward by the defendants lacks here

after seeing what this District has previously decided, and besides, Rushmore should have been

aware of its requirement to obtain a license as collection agency, seeing how it appears to have

acquired thousands of defaulted home loans within a short period of time. "Moreover, this Court

has further noted that "it does not seem unfair to require that one who deliberately goes

perilously close to an area of proscribed conduct shall take the risk that he may cross the line."

*Bradshaw v. Hilco Receivables.* citing *Spencer, 81 F. Supp. 2d at 595 (quoting Russell v.

Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) (in turn, quoting FTC v. Colgate-Palmolive Co.,

380 U.S. 374, 393 (1965)).*The information has not been made available yet as to how many

defaulted home loans Rushmore is attempting to collect on, across the country, and how many

home loans it is actually servicing that are not in default.

**51.** The defendants argument regarding plaintiffs MCPA claim has already been addressed previously and basically relies on the MCDCA violation surviving this MTD in order to move forward, as the MCPA violation that is alleged hinges on the MCDCA violation.

**52.** Although it was not addressed directly in the current MTD, in paragraph 48 of the complaint, it was alleged that Rushmore violated 15 USC §1692 e, f, and f(6)(a) by acting in the matter it did by claiming the plaintiff was involved in a non-judicial foreclosure proceeding with Rushmore, when at the time this letter (exh. 12) was received, the plaintiff had not been served with any foreclosure documents, although the plaintiff was aware of the filing in March in the county court, as was noted in paragraph 27 of the complaint, and no where in those filings was there any mention of Rushmore. This letter is merely being provided as support for this allegation. As was noted, this left the plaintiff totally confused and perplexed as to what was actually going on with his property and the alleged debt that was being pursued by these defendants. The plaintiff has always wondered why Nationstar, who was supposedly the original party who directed Shapiro to start the foreclosure action, of which there is no evidence, would arrange a transfer of the servicing rights and an alleged sale of the loan to another party, if it had originally been the real party in interest, as it claimed, when the foreclosure action was originally filed in March 2016. If this court has paid any close attention to what has been layed out here in this case, with all the claims in writing that the plaintiff has received, that don't coincide with what is allowed according to federal law, and what has appeared in official court documents, it should see that there is something fishy with this whole matter.

**53.** The issue of of US Bank being vicariously liable due to a principal/agent relationship with its claimed servicer was not addressed in this current MTD. This was alleged in the complaint

than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case" *Gordon v. Leeke, 574 F. 2d 1147 - Court of Appeals, 4th Circuit 1978*

**55**. The arguments made that Plaintiff has not adequately pleaded the cause of action and not provided all evidence material to the allegations made in the complaint is ridiculous, although the plaintiff has attempted to support his allegations with exhibits when possible. Such evidence is to be presented at trial and is not required to be annexed to the original complaint. The plaintiff again states "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the... claim is and what grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal, 129 S. Ct. 1937 - Supreme Court 2009*

**56**. The intent of the defendants actions, up to this point, was that the plaintiff would rely on their false and coercive statements and just "pay up" rather than exercise his right as dictated by the FDCPA, and not bring suit against the defendants for their violation of the FDCPA and state law as well.

**57**. The coercive nature of the actions of, and statements made to the plaintiff in multiple communications from the defendants leaves little doubt that the plaintiff has been damaged, with

30

his having lost an immense amount of sleep, and was, and is currently being subjected to any manner of emotional stress, including, but not limited to, depression, anger, fatigue, and anxiety.

**58**. Most, if not all alleged violations have come from the defendants own documents, or lack thereof, in attempting to verify/validate, their claims in this attempt to collect an alleged debt, which the plaintiff has provided copies of as exhibits in support.

## CONCLUSION

Plaintiff has plead facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under Federal Rule of Civil Procedure 8(a)(2). See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants Rushmore Loan Management Services LLC and U.S. Bank National Association's Motion to Dismiss for Failure to State a Claim, and let the plaintiff get into discovery to get to the bottom of the matter. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint and clearly articulate any deficiencies identified by this court.

Respectfully Submitted,

Kevin Richardson

Kevin Richardson
c/o 631 Railroad Avenue, #321
Centreville, Maryland
21617
410 739 3606
email: vinson49@gmx.com

31

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was provided by regular U.S. mail to the parties listed below this 21st day of June 2017.

Emily Michele Patterson
McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, MD 21202

William M. Savage, Esquire
Shapiro & Brown, LLP
10021 Balls Ford Road, Suite 200
Manassas, VA  20109

David Edwin Solan
BWW Law Group LLC.
6003 Executive Blvd. Suite 101
Rockville, MD. 20852

Kevin Richardson
c/o 631 Railroad Avenue, #321
Centreville, Maryland
21617
410 739 3606
email: vinson49@gmx.com

32