FILED: September 20, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2064
(1:17-cv-00307-JFM)

KEVIN RICHARDSON

    Plaintiff - Appellant

v.

SHAPIRO & BROWN, LLP; NATIONSTAR MORTGAGE, LLC; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U. S. BANK, N.A.

    Defendants - Appellees

JUDGMENT

In accordance with the decision of this court, the judgment of the district court is affirmed as modified.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

                                            /s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2064

KEVIN RICHARDSON,

        Plaintiff - Appellant,

v.

SHAPIRO & BROWN, LLP; NATIONSTAR MORTGAGE, LLC; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U.S. BANK, N.A.,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:17-cv-00307-JFM)

Submitted: September 10, 2018          Decided: September 20, 2018

Before KEENAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Kevin Richardson, Appellant Pro Se. Thomas James Gartner, SHAPIRO & BROWN, LLP, Manassas, Virginia; Matthew Daniel Cohen, BWW LAW GROUP, LLC, Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Richardson filed a civil action alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p (2012), against Nationstar Mortgage, LLC ("Nationstar"), Shapiro & Brown, LLP ("Shapiro"), Rushmore Loan Management Services, LLC ("Rushmore"), and U.S. Bank, N.A. ("U.S. Bank" and, collectively, "Defendants"), as well as violations of the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law §§ 14-201 to 14-204 (LexisNexis 2013), and the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law §§ 13-101 to 13-501 (LexisNexis 2013), against Rushmore. The district court granted Defendants' motions to dismiss the action. It concluded that Richardson's claims against Nationstar and Shapiro were barred by res judicata and the statute of limitations. It also concluded that Richardson's claims against Rushmore and U.S. Bank were subject to dismissal because these Defendants were not "debt collectors" under the FDCPA, and Richardson otherwise failed to state a plausible claim for relief against them. Richardson appeals the dismissal order, challenging the district court's dismissal of his FDCPA claims.[*] For the reasons that follow, we affirm the district court's judgment, as modified.

We review de novo the district court's application of res judicata principles. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). We also review de novo the district court's grant of a motion to dismiss for failure to state a claim, "accepting as

---

[*] Because Richardson does not challenge the dismissal of his MCDCA and MCPA claims in his informal brief, he has forfeited appellate review of these issues. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

2

true the complaint's factual allegations and drawing all reasonable inferences in favor of the plaintiff." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. In evaluating the complaint, we need not accept as true "legal conclusions, elements of a cause of action, . . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted).

Initially, we conclude that Richardson's objection to the application of res judicata and the statute of limitations is, in part, well-taken. Res judicata applies if the proponent of the doctrine establishes that: (1) "the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) "the parties are identical, or in privity, in the two actions"; and (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (internal quotation marks omitted). Claims are based upon the same cause of action if they "arise out of the same transaction or series of transactions, or the same core of operative facts."

3

*Covert v. LVNV Funding, LLC*, 779 F.3d 242, 247 (4th Cir. 2015) (internal quotation marks omitted). "A judgment satisfying those three factors is both 'claim' and 'issue' preclusive." *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017). Res judicata thus forecloses relitigation of "all claims that were actually adjudicated or that could have been adjudicated in an earlier action," as well as "legal and factual issues that were actually and necessarily determined in an earlier action." *Covert*, 779 F.3d at 246 (internal quotation marks omitted).

We conclude that res judicata did not apply to Richardson's FDCPA claim against Shapiro, as it failed to establish that it was a party to, or in privity with, the parties to the prior action. Further, res judicata does not apply to any portion of Richardson's FDCPA claim challenging Nationstar's communications or conduct after the dismissal of his prior action in June 2014. *See Union Carbide Corp. v. Richards*, 721 F.3d 307, 315 (4th Cir. 2013) ("[R]es judicata does not bar claims that did not exist at the time of the prior litigation." (internal quotation marks omitted)); *see also Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372-73 (Fed. Cir. 2013) (recognizing that voluntary dismissal with prejudice does not have issue preclusive effect); *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) (same).

Relatedly, a one-year statute of limitations applies to FDCPA claims. 15 U.S.C. § 1692k(d). "Ordinarily, the statute of limitations begins to run when the communication that violates the FDCPA is sent." *Lembach v. Bierman*, 528 F. Appx 297, 301 (4th Cir. 2013) (Nos. 12-1723, 12-1746) (per curiam) (argued but unpublished). Here, the statute of limitations does not bar those portions of Richardson's FDCPA claims against

4

Nationstar and Shapiro that seek recovery based on communications from those Defendants on or after February 1, 2016. Thus, the district court's dismissal on res judicata and statute of limitations grounds was, in part, erroneous.

With respect to Rushmore and U.S. Bank, "the FDCPA purports to regulate only the conduct of debt collectors, not creditors, generally distinguishing between the two based on whether the person acts in an agency relationship with the person to whom the borrower is indebted." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016). The FDCPA defines "debt collector" as "(1) a person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another*; or (3) a person who collects *its own debts*, using *a name other than its own* as if it were a debt collector." *Id.* at 136; *see* 15 U.S.C. § 1692a(6); *McCray v. Fed. Home Loan Mortg. Corp.*, 839 F.3d 354, 359 (4th Cir. 2016). We agree with the district court's conclusion that U.S. Bank is not a debt collector under the FDCPA for purposes of Richardson's claims, and thus cannot be held liable under the FDCPA. However, we conclude that Richardson alleged sufficient facts from which to infer that Rushmore was acting as a debt collector in its challenged communications with Richardson. While Rushmore sought to invoke the exemptions to the definition of "debt collector" under § 1692a(6)(F)(i) and § 1692a(6)(F)(iii), we find these exemptions inapplicable in light of Rushmore's alleged involvement in foreclosure proceedings against Richardson and the timing of Rushmore's communications relative to Richardson's alleged default. *See Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373, 377 (4th Cir. 2006).

5

Nevertheless, we may affirm the district court's judgment "on any ground apparent in the record." *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015). Our review of the record reveals that the FDCPA claims against Nationstar, Shapiro, and Rushmore were subject to dismissal for failure to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 663, 678 (stating standard).

Richardson's allegations of § 1692g(b) violations fails to satisfy the pleading requirements of the FDCPA. Richardson's allegations of § 1692g(b) violations hinge on his assertion that Defendants failed to adequately verify the debt in response to his demands and continued collection attempts by pursuing foreclosure proceedings despite the lack of adequate verification. However, these allegations are either too conclusory to satisfy the pleading standard or fail to suggest that Defendants provided inadequate validation. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (discussing validation requirement under § 1692g).

Similarly, Richardson's allegations of §§ 1692e and 1692f violations are conclusory and factually implausible. Sections 1692e and 1692f prohibit debt collectors from using "any false, deceptive, or misleading representation" as well as any "unfair or unconscionable means" in connection with the collection of debt. *Powell v. Palisades Acquisition XVI*, 782 F.3d 119, 123 (4th Cir. 2014) (alterations and internal quotation marks omitted). But violations of those sections are not actionable unless the misrepresentations are material. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009). "The materiality

6

standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012). Because Richardson's complaint does not articulate specific statements that amounted to misrepresentations or provide any nonspeculative explanations for his assertions, Richardson fails to allege facts that satisfy the materiality requirement. We therefore conclude the district court did not err in dismissing these claims under Rule 12(b)(6).

Richardson next contends that the district court erred in dismissing his action without providing him an opportunity to amend his complaint. While Richardson requested an opportunity to amend if the court found his complaint deficient, he did not move to amend the complaint or forecast any manner in which he would amend the complaint to cure the deficiencies Defendants alleged. In such circumstances, "we do not expect the district court to assume the role of advocate for the pro se plaintiff." *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (alteration and internal quotation marks omitted). However, we conclude that the dismissal as to Nationstar, Shapiro, and Rushmore should be one without prejudice. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 642 (4th Cir. 2016); *King*, 825 F.3d at 225.

Accordingly, we affirm the district court's judgment but modify the dismissal as to Nationstar, Shapiro, and Rushmore to reflect a dismissal without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

FILED: September 20, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2064,    Kevin Richardson v. Shapiro & Brown, LLP
1:17-cv-00307-JFM

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:**
Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

# U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
(Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
• Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $500 (effective 12/1/2013). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
• Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. (Effective 10/1/2015, the court requires 1 copy when filed; 3 more copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
• Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).
Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | Amount Requested: _____ | | | Amount Allowed: _____ | |
|---|---|---|---|---|---|---|
| Document | No. of Pages | | No. of Copies | | Page Cost (≤$.15) | Total Cost | |
| | Requested | Allowed (court use only) | Requested | Allowed (court use only) | | Requested | Allowed (court use only) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

**Signature:** _____   **Date:** _____

### Certificate of Service

I certify that on this date I served this document as follows:

**Signature:** _____   **Date:** _____